Exhibit "A"

Wolters Kluwer

## Service of Process Transmittal Summary

**TO:**    LEGAL DEPARTMENT - SOP
TESLA, INC.
3000 HANOVER ST
PALO ALTO, CA 94304-1112

**RE:**    **Process Served in Texas**

**FOR:**    Tesla, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: NAOMI IMATOME-YUN, individually, and as the Successor-in-Interest to the Estate of David Y. Yun, deceased, and as the Guardian ad Litem for E████ Y██, a minor; and LUCAS YUN, individually // To: Tesla, Inc. |
| **DOCUMENT(S) SERVED:** | Notice, Certificate, Order, Application, Civil Case Cover Sheet, Complaint, Summons, Exhibit, Attachment(s) |
| **COURT/AGENCY:** | Orange County Superior Court of California, CA<br>Case # 30202401409607CUPLCJC |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - 08/31/2023 |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Process Server on 10/25/2024 at 13:13 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after this summons and legal papers are served on you (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | BRIAN D. CHASE<br>BISNAR CHASE LP<br>1301 Dove St., Suite 120<br>Newport Beach, CA 92660<br>949-752-2999 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/26/2024, Expected Purge Date: 10/31/2024<br><br>Image SOP<br><br>Email Notification,  LEGAL DEPARTMENT - SOP  legalsop@tesla.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

**CT Corporation**
**Service of Process Notification**
10/25/2024
CT Log Number 547630109

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                    Fri, Oct 25, 2024
**Server Name:**             Drop Service

| Entity Served | TESLA, INC. |
|---|---|
| Case Number | 30202401409607CUPLCJC |
| Jurisdiction | TX |

| Inserts | | |
|---|---|---|
| | | |



| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE | FOR COURT USE ONLY |
|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
STREET ADDRESS: 700 W. Civic Center DRIVE
MAILING ADDRESS: 700 W. Civic Center Drive
CITY AND ZIP CODE: Santa Ana 92701
BRANCH NAME: Central Justice Center

PLAINTIFF: Naomi Imatome-Yun et.al.

DEFENDANT: Tesla, Inc.

Short Title: IMATOME-YUN VS. TESLA, INC.

**FOR COURT USE ONLY**

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

**Jul 1, 2024**

Clerk of the Court
By: J. Esquivel, Deputy

**NOTICE OF HEARING**
**CASE MANAGEMENT CONFERENCE**

CASE NUMBER:
30-2024-01409607-CU-PL-CJC

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>12/02/2024</u> at <u>01:30:00 PM</u> in Department <u>C11</u> of this court, located at <u>Central Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

<u>**IMPORTANT:**</u> Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html
Appellate Division - https://www.occourts.org/media-relations/appeals-records.html

<u>**IMPORTANTE:**</u> Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html
División de apelaciones - https://www.occourts.org/media-relations/appeals-records.html

<u>**QUAN TRỌNG:**</u> Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html
Ban phúc thẩm - https://www.occourts.org/media-relations/appeals-records.html

Clerk of the Court,  By: *J. Esquivel*                                          , Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** IMATOME-YUN VS. TESLA, INC.

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER:<br>**30-2024-01409607-CU-PL-CJC** |
| --- | --- |

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 07/01/2024. Following standard court practice the mailing will occur at Sacramento, California on 07/02/2024.

Clerk of the Court, by:  *J. Esquivel*                              , Deputy

BISNAR|CHASE LP
1301 DOVE STREET # 120
NEWPORT BEACH, CA 92660

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**                                              **Page: 2**

30-2024-01409607-CU-PL-CJC - ROA # 14 - DAVID H. YAMASAKI, Clerk of the Court By L. Sanchez, Deputy Clerk.

Electronically Filed by Superior Court of California, County of Orange, 08/28/2024 01:05:00 PM.

**CIV-011/FL-936**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: 133465 | FOR COURT USE ONLY |
|---|---|---|
| NAME: Steven Hilst, Esq. | | |
| FIRM NAME: BISNAR\|CHASE LLP | | |
| STREET ADDRESS: 1301 Dove Street, Suite 120 | | |
| CITY: Newport Beach   STATE: CA   ZIP CODE: 92660 | | |
| TELEPHONE NO.: (949) 752-2999   FAX NO.: (949) 752-2777 | | |
| EMAIL ADDRESS: shilst@bisnarchase.com | | |
| ATTORNEY FOR (name): PLAINTIFFS | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana 92701
BRANCH NAME: Central Justice Center

PLAINTIFF/PETITIONER: B██████ Y██
DEFENDANT/RESPONDENT: Tesla Inc, a Delaware Corp et al.
OTHER PARENT/PARTY: Naomi Imatome-Yun

| ORDER APPOINTING GUARDIAN AD LITEM—CIVIL AND FAMILY LAW ☐ EX PARTE | CASE NUMBER: 30-2024-01409607-CU-PL-CJC |
|---|---|

1. Applicant *(name):* Naomi Imatome-Yun
   seeks appointment of a guardian ad litem of *(name):* B██████ Y██

2. ☐ The application came on regularly for a hearing as follows:
   a. Judicial officer *(name):*
   b. Hearing date:   Time:   ☐ Dept.:   ☐ Room:
   c. The following persons were present at the hearing:
   (1) ☒ Applicant *(name):* Naomi Imatome-Yun
   (2) ☒ Attorney for applicant *(name):* Steven Hilst, Esq.
   (3) ☐ Guardian ad litem named in item 6.
   (4) ☒ Attorney for guardian ad litem *(name):*
   (5) ☒ Plaintiff/Petitioner *(name):* B██████ Y██
   (6) ☐ Attorney for Plaintiff/Petitioner *(name):*
   (7) ☒ Defendant/Respondent *(name):* Tesla Inc, a Delaware Corp et al.
   (8) ☐ Attorney for Defendant/Respondent *(name):*
   (9) ☐ Other *(names):*

**THE COURT FINDS**

3. ☐ All notices required by law have been given.

4. The person for whom a guardian ad litem is to be appointed is a party who is
   a. ☒ a minor *(date of birth):* ██/2006
   b. ☐ a person who lacks legal capacity to make decisions.
   c. ☐ a person for whom a conservator has been appointed.

5. ☒ The person for whom a guardian ad litem is to be appointed
   a. ☒ is a minor who is a party to an action under the Uniform Parentage Act. (Family Code, §§ 7600–7730.)
   b. ☐ is a minor who is requesting or opposing a request for an injunction or restraining order described in Code of Civil Procedure sections 372(b) and 374(a).
   c. ☐ does not have a guardian or conservator of the estate.
   d. ☐ has a guardian or conservator of the estate, but the guardian or conservator is inadequate to represent the person's interest and appointment of a guardian ad litem is expedient.

Page 1 of 2

**ORDER APPOINTING GUARDIAN AD LITEM—
CIVIL AND FAMILY LAW**

Code of Civil Procedure, § 372 et seq.;
Family Code, §§ 6229, 7635
www.courts.ca.gov

CIV-011/FL-936

| PLAINTIFF/PETITIONER: E___ Y___ | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Tesla Inc, a Delaware Corp et al. | |
| OTHER PARENT/PARTY: Naomi Imatome-Yun | |

**THE COURT ORDERS**

6. *(Name):* Naomi Imatome-Yun
   is appointed guardian ad litem of *(name):* E___ Y___

7. The guardian ad litem ☐ is ☐ **is not** authorized to waive or disclaim any substantive rights of the represented
   party without further order of this court.

8. The guardian ad litem must promptly report to the court any potential conflict of interest with the represented person that becomes
   an actual conflict, as well as any new potential or actual conflict of interest that arises during the course of the representation.

9. ☐ Other *(specify):*

   ☐ Continued on Attachment 9.

10. Number of pages attached: _____

Date: **08/28/2024**

_____  **Judge Layne H. Melzer**
JUDICIAL OFFICER
☐ SIGNATURE FOLLOWS LAST ATTACHMENT

**ORDER APPOINTING GUARDIAN AD LITEM—
CIVIL AND FAMILY LAW**

Case 8:24-cv-02690-FWS-KES Document 1-1 Filed 12/13/24 Page 9 of 65 Page ID
Electronically Filed by Superior Court of California, County of Orange, 08/27/2024 11:05:00 AM.
30-2024-01409607-CU-PL-CJC - ROA # 13 - DAVID H. YAMASAKI, Clerk of the Court By L. Sanchez, Deputy Clerk.

**CIV-010/FL-935**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: 133465 | FOR COURT USE ONLY |
|---|---|---|
| NAME: Steven Hilst, Esq. | | |
| FIRM NAME: BISNAR\|CHASE LLP | | |
| STREET ADDRESS: 1301 Dove Street, Suite 120 | | |
| CITY: Newport Beach     STATE: CA     ZIP CODE: 92660 | | |
| TELEPHONE NO.: (949) 752-2999     FAX NO.: (949) 752-2777 | | |
| EMAIL ADDRESS: shilst@bisnarchase.com | | |
| ATTORNEY FOR (name): PLAINTIFFS | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana 92701
BRANCH NAME: Central Justice Center

PLAINTIFF/PETITIONER: Naomi Imatome-Yun, et al.
DEFENDANT/RESPONDENT: Tesla, Inc. a Delaware Corp et al.
OTHER PARENT/PARTY:

| APPLICATION FOR APPOINTMENT OF<br>**GUARDIAN AD LITEM—CIVIL AND FAMILY LAW**<br>☐ **EX PARTE** | CASE NUMBER:<br>30-2024-01409607-CU-PL-CJC |
|---|---|

*This form is for use in a civil or family law proceeding in which a party is a minor, a person who lacks legal capacity to make decisions, or a person for whom a conservator has been appointed. A person who seeks the appointment of a guardian ad litem in a proceeding under the Probate Code—other than a proceeding under Probate Code sections 3500–3613 for approval of a compromise, settlement, or disposition of judgment proceeds—should use form DE-350/GC-100. NOTE: A person may not act as a guardian ad litem unless the person is represented by an attorney, is an attorney, or, in an action under the Uniform Parentage Act (Family Code, §§ 7600–7730), is an adult relative of an minor party.*

1. I *(applicant's name):* E████ Y██
   am *(check all that apply):*
   a. ☐ the parent of *(name):*
   b. ☐ the guardian of *(name):*
   c. ☐ the conservator of *(name):*
   d. ☐ a party to the suit.
   e. ☒ the minor to be represented *(if the minor is 14 years of age or older).*
   f. ☐ another interested person *(specify capacity):*

2. I am asking the court to appoint the following person as guardian ad litem *(name, address, phone number, and email address):*
   Naomi Imatome-Yun
   519 California Ave., #205
   Santa Monica, CA 90403
   (Tel): 917-952-8534

3. The guardian ad litem will represent the interest of *(name, address, and, if applicable, phone number and email address):*
   E████ Y██
   519 California Ave., #205
   Santa Monica, CA 90403
   (Tel): 917-952-8534

4. The person named in item 3 is a party and is *(check all that apply):*
   a. ☒ a minor *(date of birth):* ███/2006
   b. ☐ a person who lacks legal capacity to make decisions *(explain the basis for claiming lack of capacity):*

   ☐ Continued on Attachment 4b.
   c. ☐ a person for whom a conservator has been appointed *(provide the details of the appointment):*

   ☐ Continued on Attachment 4c.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-010/FL-935 [Rev. January 1, 2024] | **APPLICATION FOR APPOINTMENT OF<br>GUARDIAN AD LITEM—CIVIL AND FAMILY LAW** | Code of Civil Procedure, § 372 et seq.;<br>Family Code, §§ 6229, 7635<br>www.courts.ca.gov |
|---|---|---|

CIV-010/FL-935

| PLAINTIFF/PETITIONER: Naomi Imatome-Yun, et al. | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Tesla, Inc. a Delaware Corp et al. | 30-2024-01409607-CU-PL-CJC |
| OTHER PARENT/PARTY: | |

5. [x] The person named in item 3 is a minor and is *(check one)*:
   a. [x] a plaintiff or petitioner in this action and the summons has not been issued.
   b. [ ] a defendant or respondent in this action. More than 10 days have passed since service of the summons, and no one has applied for the appointment of a guardian ad litem.

6. I am asking the court to appoint a guardian ad litem because the person named in item 3 *(check all that apply)*:
   a. [x] is a minor who is a party to an action under the Uniform Parentage Act (Family Code, §§ 7600–7730).
   b. [ ] is a minor who is requesting or opposing a request for an injunction or restraining order described in Code of Civil Procedure sections 372(b)(1) and 374(a). *(If the minor is 12 years of age or older, check one of the following):*
      The minor [ ] does [ ] does not object to the appointment of the person named in item 2.
      [ ] I don't know whether the minor objects to the appointment of the person named in item 2.
   c. [ ] has no guardian or conservator of the estate.
   d. [ ] has a guardian or conservator of the estate, but the guardian or conservator is inadequate to represent the person's interest in this action or proceeding because *(explain)*:

   [ ] Continued on Attachment 6d.
   The guardian or conservator of the estate is *(name, address, telephone number, and email address)*:

   *(After filing this application, you must give notice and a copy of the application to the guardian or conservator above.)*

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person named in item 3.

Steven Hilst, Esq.
   (TYPE OR PRINT NAME)    ▶    (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: August 27, 2024

E███ Y███
   (TYPE OR PRINT NAME)    ▶    (SIGNATURE OF APPLICANT)

## DISCLOSURES AND CONSENT TO ACT AS GUARDIAN AD LITEM

8. I have the following relationship with the person named in item 3 *(check one)*:
   a. [ ] No relationship
   b. [x] A familial relationship *(specify):* Mother of E███ Y███
   c. [ ] An affiliate (nonfamilial) relationship *(specify):*

9. I am *(check one)*:
   a. [x] not aware of any actual or potential conflicts of interest that would or might arise from the appointment.
   b. [ ] aware of the following actual or potential conflicts that would or might arise from the appointment *(describe the actual or potential conflicts of interest and explain why the proposed guardian should still be appointed)*:

   [ ] Continued on Attachment 9b.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. I consent to act as guardian ad litem in this action or proceeding. If I become aware that a potential conflict of interest has become an actual conflict, or that a new potential or actual conflict exists, I will promptly disclose the conflict of interest to the court.

Date: August 27, 2024

Naomi Imatome-Yun
   (TYPE OR PRINT NAME)    ▶    (SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

CIV-010/FL-935 [Rev. January 1, 2024]     **APPLICATION FOR APPOINTMENT OF GUARDIAN AD LITEM—CIVIL AND FAMILY LAW**     Page 2 of 2

Case 8:24-cv-02690-FWS-KES   Document 1-1   Filed 12/13/24   Page 11 of 65   Page ID #:10
30-2024-01409607-CU-PL-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By J. Esquivel, Deputy Clerk
Electronically Filed by Superior Court of California, County of Orange, 06/26/2024 02:41:38 PM.

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Brian D. Chase, Esq. (SBN 164109) / Steven Hilst, Esq. (SBN 133465) BISNAR\|CHASE LLP, 1301 Dove Street, Suite 120, Newport Beach, CA 92660 | |

TELEPHONE NO.: (949) 752-2999    FAX NO. (Optional): (949) 752-2777
E-MAIL ADDRESS: bchase@bisnarchase.com / shilst@bisnarchase.com
ATTORNEY FOR (Name): PLAINTIFFS

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana 92701
BRANCH NAME: Central Justice Center

CASE NAME:
Naomi Imatome-Yun, et al. v. Tesla, Inc.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: 30-2024-01409607-CU-PL-CJC |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[x] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action (specify): Three (3)
5. This case [ ] is [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 14, 2024
Steven Hilst, Esq.
_____
(TYPE OR PRINT NAME)        ▶        _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]        **CIVIL CASE COVER SHEET**        Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**BISNAR | CHASE LP**
NEWPORT PLACE
1301 Dove St., Suite 120
Newport Beach, CA 92660
Phone: (949) 752-2999
Fax: (949) 752-2777
BRIAN D. CHASE, ESQ., State Bar No.164109
bchase@bisnarchase.com
STEVEN HILST, ESQ., State Bar No. 133645
shilst@bisnarchase.com

Attorneys for Plaintiffs

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF ORANGE**

|  |  |
|---|---|
| NAOMI IMATOME-YUN, individually, and as the Successor-in-Interest to the Estate of David Y. Yun, deceased, and as the Guardian ad Litem for H▓▓▓ Y▓▓, a minor; and LUCAS YUN, individually, <br><br> Plaintiffs, <br><br> vs. <br><br> TESLA, INC., a Delaware Corporation; and DOES 1 through 20, inclusive, <br><br> Defendants. | CASE NO. 30-2024-01409607-CU-PL-CJC <br> **Assigned for All Purposes** <br> Assigned to: Judge Andre De La Cruz <br> Dept.: <br><br> **PLAINTIFFS' COMPLAINT FOR DAMAGES** <br><br> 1. **Strict Products Liability** <br> 2. **Negligent Products Liability** <br> 3. **Motor Vehicle Negligence** <br><br> **REQUEST FOR JURY TRIAL** |

COME NOW plaintiffs NAOMI IMATOME-YUN (hereafter "NAOMI"), individually and

as the Successor-in-Interest to the Estate of David Y. Yun (hereafter "DECEDENT"), and as the

Guardian ad Liten for H▓▓▓ Y▓▓ (hereafter "H▓▓▓"), a minor, and LUCAS YUN

(hereafter "LUCAS"), who allege the following:

## COMMON ALLEGATIONS FOR ALL CAUSES OF ACTION

1.     At all relevant times, NAOMI was and is an individual over the age of 18 and a

resident of Los Angeles County, California.

BISNAR|CHASE

1

2.     At all relevant times, DECEDENT was a resident of Los Angeles County, California.

3.     NAOMI, ▓▓▓▓▓, and LUCAS are the sole legal heirs of DECEDENT.

4.     DECEDENT died on August 31, 2023 as a result of the injuries he sustained in the motor vehicle accident which gives rise to this action.   NAOMI is one of DECEDENT's legal heirs and is the successor in interest to DECEDENT's Estate.   A copy of NAOMI's successor in interest statement is attached hereto as Exhibit "1."

5.     At all relevant times, defendant TESLA, INC. ("TESLA") was and is a Delaware corporation with a principal place of business in Austin, Texas. Upon information and belief, TESLA was formerly known as Tesla Motors, In., is the successor of Tesla Motors, Inc., and assumed all the obligations of Tesla Motors, Inc.

6.     At all relevant times, defendants, DOES 1 through 20, and each of them, were individuals, corporations, partnerships, and/or associations residing in and/or authorized to and/or doing business in the State of California.

7.     The true names and/or capacities, whether individual, corporate, associate, governmental or otherwise of defendants DOES 1 through 20, inclusive, and each of them are unknown to plaintiffs, who therefore sues those defendants by such fictitious names.   When the true names and/or capacities of these currently unknown defendants are learned, plaintiffs will amend this Complaint accordingly.

8.     Plaintiffs allege on information and belief that each defendant named herein as a DOE was responsible, negligently or in some other actionable manner, for the events and happenings herein referred to which legally caused the damages to plaintiffs as hereinafter alleged, either through said defendant's own negligence or through the conduct of its agents, servants, employees, or representatives in some other manner.

9.     Plaintiffs allege on information and belief that at all relevant times each of the defendants, including Defendants DOES 1 through 20, inclusive, were the agents, servants, employees, and/or representatives of each of the remaining defendants and were at all relevant times acting within the authorized course and scope of said agency, service, employment and/or

1  representation, and/or that all of said acts, conduct and omissions were subsequently ratified by

2  their respective principals and the benefits thereof accepted by such principals.

3       10.    At all relevant times, defendants TESLA and DOES 1 through 20, inclusive, were

4  and are engaged in the business of manufacturing, fabricating, designing, assembling, distributing,

5  selling, inspecting, servicing, repairing, marketing, warranting, leasing, renting, retailing,

6  wholesaling and/or advertising a certain subject 2021 Tesla Model S Plaid vehicle, California

7  License Plate No. 8XGV052, Vehicle Identification No. 5YJSA1E64MF433546 (hereafter the

8  "SUBJECT VEHICLE") and each component part thereof, which defendants knew, or in the

9  exercise of reasonable care should have known, would be used without inspection for defects in its

10  parts, mechanisms or design, for use in the State of California and elsewhere.

11       11.    On July 28, 2023, at approximately 6:30 a.m., DECEDENT was driving the

12  SUBJECT VEHICLE southbound on Interstate 5, approximately 200 feet north of Lake Forest

13  Drive in Irvine, California.   Non-Party David Coe was a front seated passenger in the SUBJECT

14  VEHICLE, and ▮▮▮▮▮ was seated in the 2nd row of the SUBJECT VEHICLE.   All of the

15  occupants were properly belted.   While moving southbound in the #1 HOV lane, the SUBJECT

16  VEHICLE suddenly swerved to the left and collided with the center median concrete wall.   The

17  SUBJECT VEHICLE then swerved to the right and spun across all lanes, after which the rear of

18  the SUBJECT VEHICLE collided with the right shoulder concrete wall.   As a result of the 2nd

19  impact, i.e., the impact of the rear of the vehicle into the right shoulder concrete wall, the driver's

20  seat back of the SUBJECT VEHICLE failed and collapsed rearward, which allowed

21  DECEDENT's body to become unrestrained with respect to his seatbelt and to move rearward in

22  relation to the vehicle.   DECEDENT's body was thrown into the rear compartment of the

23  SUBJECT VEHICLE where he struck his head, and/or shoulders, and/or other parts of his body on

24  the rear passenger seat or elsewhere, thereby causing severe injuries which eventually caused his

25  death.   This accident sequence is hereafter referred to as the "SUBJECT ACCIDENT."

26

27

28

BISNAR|CHASE

3

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

1

## **FIRST CAUSE OF ACTION**

2

### **(Strict Product Liability against Defendants**

3

### **TESLA and DOES 1 through 20, inclusive)**

4        12.     Plaintiffs re-allege and incorporates by reference paragraphs 1 through 14, above, as

5   though fully set forth herein.

6        13.     Defendants TESLA and DOES 1 through 20, inclusive, and each of them, knew that

7   the

8        14.     SUBJECT VEHICLE was to be purchased and used without inspection for defects

9   by the users of that vehicle including but not limited to DECEDENT.

10       15.     The SUBJECT VEHICLE, and each of its component parts, were manufactured,

11  designed,

12       16.     assembled, packaged, tested, fabricated, analyzed, inspected, merchandised,

13  marketed, distributed, labeled, advertised, promoted, sold, supplied, leased, rented, repaired,

14  adjusted, and selected by

15       17.     defendants TESLA and DOES 1 through 20, and each of them, but nonetheless

16  contained inherent vices and defects both in design and manufacturing (hereafter "SUBJECT

17  DEFECTS"), and by these defendants' failure to warn of the SUBJECT DEFECTS of which they

18  were at all times aware, which SUBJECT DEFECTS made the SUBJECT VEHICLE and each of

19  its component parts, dangerous, hazardous and unsafe both for its intended use or for reasonably

20  foreseeable misuses.

21       18.     These SUBJECT DEFECTS included, but were not limited to the following:

22           A. A defective and unsafe driver's seat and seatback, which collapsed rearward during

23              the

24           B. SUBJECT ACCIDENT, causing DECEDENT's body to be thrown into the rear

25              passenger compartment, thereby causing DECEDENT to suffer severe and

26              eventually fatal injuries.

27           C. A defective and unsafe driver's seatbelt restraint system, which defendants TESLA

28              and DOES 1 through 20, and each of them, knew would fail to restrain an occupant

1   in the SUBJECT VEHICLE in the event of a rear impact event if the seatback

2   collapsed, and which in this case allowed DECEDENT's body to become

3   unrestrained during the SUBJECT ACCIDENT.

4       D.  Inadequate and/or lack of any warnings regarding the above defects.

5   19.   The SUBJECT VEHICLE, and each of its component parts was/were unsafe for

6   its/their intended use(s) and reasonably foreseeable misuses by reason of the defects in its/their

7   design and/or manufacturing and/or failure to warn by these defendants, and each of them, in that

8   when the SUBJECT VEHICLE was used by DECEDENT on July 28, 2023, as intended or in a

9   reasonably foreseeable manner, the SUBJECT VEHICLE, during a reasonably foreseeable rear end

10  impact event, was dangerous and defective, and the driver's seatback failed and collapsed,

11  rendering the driver's seat's restraint systems totally ineffective, and forcing DECEDENT's body

12  to be thrown backwards into the rear compartment of the SUBJECT VEHICLE, legally causing

13  DECEDENT's fatal injuries and Plaintiffs' damages as alleged herein.

14  20.   As a direct and legal result of the conduct of defendants TESLA and DOES 1

15  through 20, and each of them, and the SUBJECT DEFECTS inherent in the SUBJECT VEHICLE,

16  Plaintiffs have suffered damages.   As the successor in Interest for the Estate of Decedent, NAOMI

17  seeks recovery of economic damages for DECEDENT's post-accident pre-death medical expenses

18  and lost earnings, non-economic damages for DECEDENT's post-accident pre-death pain

19  suffering, loss of enjoyment of life, and shortened life expectancy, and punitive damages.   As the

20  heirs of DECEDENT, NAOMI, E      , and LUCAS seek recovery of economic damages for

21  the loss of DECEDENT financial support, loss of DECEDENT's gifts and benefits, loss of

22  DECEDENT's household services, and funeral and burial expenses.   As the heirs of DECEDENT,

23  NAOMI, E      , and LUCAS also seek recovery for the loss of DECEDENT's love,

24  companionship, comfort, care, assistance, protection, affection, society, moral support, training,

25  and guidance.   Lastly E      seeks recovery of non-economic damages for the emotional

26  distress which resulted from contemporaneously witnessing the injuries to DECEDENT.

27  Plaintiff's claimed damages exceed the minimum jurisdiction of this court.

28

## SECOND CAUSE OF ACTION

### (Negligence [Product Liability] against Defendants

### TESLA and DOES 1 through 20, inclusive)

21.     Plaintiffs re-allege and incorporate by reference each of paragraphs 1 through 20, above, as though fully set forth herein.

22.     At all times herein mentioned, defendants TESLA and DOES 1 through 20 and each of them, had a duty to use reasonable due care in the manufacture, design, assembly, packaging, testing, fabricating, analysis, inspection, merchandising, marketing, distributing, labeling, advertising, promotion, sale, supply, lease, rental, warning, selection, inspection, and repair of the SUBJECT VEHICLE and each of its component parts.

23.     At all times mentioned, these defendants, and each of them, knew, and/or in the exercise of reasonable care should have known that the SUBJECT VEHICLE and each of its components parts were not properly manufactured, designed, assembled, packaged, tested, fabricated, analyzed, inspected, merchandised, marketed, distributed, labeled, advertised, promoted, sold, supplied, leased, rented, repaired, selected and provided inadequate warnings for the use and purpose for which it/they was/were intended in that it was likely to injure the person who used said product, each of its component parts and/or aftermarket parts and/or installation guides.

24.     These defendants, and each of them, so negligently and carelessly, manufactured, designed, assembled, packaged, tested, fabricated, analyzed, inspected, merchandised, marketed, modified, distributed, labeled, advertised, promoted, sold, supplied, leased, rented, repaired, selected, and provided inadequate warnings in relation to the SUBJECT VEHICLE and each of its component parts so that the same was a defective and dangerous product, unsafe and not crashworthy for the respective use and purpose for which it was intended when used and driven as recommended or for reasonably foreseeable misuse by members of the public.   In particular, the SUBJECT VEHICLE and each of its component parts during a reasonably foreseeable rear-end impact was/were dangerous and defective in that the driver's seatback failed and collapsed rearward, rendering the driver's seat's restraint systems ineffective, and causing fatal injuries to DECEDENT.

25.     As a direct and legal result of the negligence, carelessness, and unlawful conduct of defendants TESLA and DOES 1 through 12, and each of them, and the defects inherent in the vehicle, defendants legally caused the fatal injuries to DECEDENT, in turn legally resulting in Plaintiffs' damages as set forth above in paragraph 20.

### ALLEGATIONS SUPPORTING EXEMPLARY DAMAGES PRAYER ON FIRST AND SECOND CAUSES OF ACTION BY NAOMI AS THE SUCCESSOR IN INTEREST OF DECEDENT'S ESTATE AGAINST DEFENDANT TESLA ONLY

26.     NAOMI is informed and believes, and based thereon alleges, that TESLA (through its own actions and the actions of Tesla Motors, Inc.) intentionally engaged in conduct which, with respect to the SUBJECT DEFECTS, which NAOMI alleges were a legal cause of DECEDENT's death, exposed DECEDENT and other users of the SUBJECT VEHICLE to the risks of death and catastrophic injuries arising from potential dangers known to TESLA, in order to advance TESLA's pecuniary interests and thus acted with a conscious disregard for the safety of DECEDENT and other users of the SUBJECT VEHICLE, warranting an award of exemplary damages against TESLA pursuant to *California Civil Code* § 3294 (c)(1), and the rule enunciated in *Ford Motor Co. v. Home Ins. Co.* (1981) 116 Cal. App.3d 374, 381-382 and *PPG Industries, Inc v. Transamerica Ins. Co.* (1996) 49 Cal. App.4th 1120. The facts supporting TESLA's malicious conduct which exposed DECEDENT and other users of the SUBJECT VEHICLE to serious potential danger known to TESLA in order to advance TESLA's pecuniary interests, are on information and belief, as follows:

   A. TESLA began selling its first automobile (the Tesla Roadster) in approximately 2009.

   B. Later models of Tesla vehicles were introduced to the market in 2012 (Model S), 2015 (Model X), 2016 (Model 3), and 2019 (Model Y).   Prior to selling any of these vehicles to the American public, TESLA had an obligation to confirm that the seats of its vehicles were safe, and thus investigated the history related to seatback safety issues, and the methods used by other automakers and their component seat manufacturers to design and manufacture seats.   Through that investigation,

BISNAR|CHASE

1    TESLA learned that since the mid 1970's, most automakers' front seat backs, when

2    the seats are occupied, are so weak and poorly reinforced, that they can and do

3    collapse rearward and occupants of those seats will strike the rear seats of the

4    vehicles in a 30-35 mile per hour rear end collision, and that when this occurs the

5    seatbelt restraint systems become almost entirely ineffective.

6    C.    Through its investigation regarding the need for adequate seatback strength, TESLA

7    learned that in 1976, due to concerns over a rash of Ford Pinto and Chevrolet Vega

8    gas tank explosions resulting from moderate rear end impacts, the National Highway

9    Traffic Safety Administration ("NHTSA") enacted Federal Motor Vehicle Safety

10    Standard ("FMVSS") 301, which required that all automakers selling gasoline

11    powered automobiles in the United States conduct documented, filmed and/or

12    videotaped rear end barrier impact crash testing of all their vehicle platforms, to

13    ensure proper fuel system integrity during such accidents.

14    D.    Through its investigation regarding the need for adequate seatback strength, TESLA

15    learned that the films of these FMVSS 301 tests revealed that virtually all

16    automakers' vehicles' front seatbacks in vehicles manufactured since the FMVSS

17    301 tests were first required, failed and collapsed backward, thereby also rendering

18    the seatbelt restraint system ineffective and causing the test dummies therein to

19    strike the rear seats of the vehicles during these rear-end impact tests.

20    E.    Through its investigation regarding the need for adequate seatback strength, TESLA

21    learned that in February 1992, CBS aired a nationwide "60-Minutes" segment which

22    exposed this seatback strength problem and recounted the stories of several accident

23    victims whose seatbacks had collapsed in moderate speed rear-end collisions leading

24    to deaths and catastrophic injuries.   Also featured in the "60-Minutes" presentation

25    was an interview with Mercedes-Benz executives who pointed out that their

26    vehicles' seats were not permitted to collapse during such rear-end impacts, and that

27    such performance "would be considered as unacceptable."

28    F.    Through its investigation regarding the need for adequate seatback strength, TESLA

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

BISNAR|CHASE

learned that since the 1992 "60 Minutes" presentation and at all times prior to TESLA's manufacturing of the SUBJECT VEHICLE and its component front seats, there have been hundreds of lawsuits against other auto manufacturers alleging that their vehicles' seats were too weak and were incapable of withstanding foreseeable, modest, rear-end impacts at closing speeds as low as 30 miles per hour, without collapsing and thereby rendering the seatbelt restraint system ineffective and causing death and serious catastrophic spinal and head injuries to their occupants.

G. Despite its knowledge of all of the foregoing, TESLA knowingly and purposefully designed, manufactured, and installed into the SUBJECT VEHICLE, an unsafe and defective driver's seat and seatbelt restraint system , which TESLA knew would cause death and/or serious injuries to front seated occupants in foreseeable and statistically inevitable rear-end impacts, and thus knowingly and deliberately exposed properly-restrained occupants of their vehicles, including DECEDENT as the driver of the SUBJECT VEHICLE, to the risks of death and serious injuries resulting from such foreseeable and inevitable rear-end impacts all for the purposes of advancing these defendants' pecuniary interests, i.e., avoidance of more costly components to enhance and improve seat back strength, avoidance of more expensive but alternative amply feasible alternative designs (including, but not limited to, metallurgically stronger recliners, stronger seat back frames, and belt-integrated seats and seatbelt restraint systems -- any of which could have prevented DECEDENT's injuries in this case), avoidance of increased production costs, avoidance of loss of profits, as well as loss of customer confidence, loss of sales, and adverse publicity adversely impacting defendants' sales of many platforms of their vehicles using similar seat back designs.   In so intentionally exposing DECEDENT and other members of the public to serious potential dangers of death and serious injuries known to these defendants in order to advance these defendants' pecuniary interests, in conscious disregard for the safety of DECEDENT and other users of the SUBJECT VEHICLE, TESLA has acted despicably, because such

conduct could kill people, as enunciated in the case of *Romo v. Ford Motor Co.* (2002) 99 Cal.App.4th 1115, 1141, *expressly affirmed on all grounds except federal Constitutional issues at* 113 Cal.App.4th 738 (2003).

H. TESLA's conduct alleged herein was despicable, because TESLA knew and intended that its purposeful design, manufacture, and installation into the SUBJECT VEHICLE of such unsafe and defective seats and seatbelt restraint systems which TESLA knew would cause death and/or serious injuries to front seated occupants in foreseeable and statistically inevitable rear-end impacts, could kill people and/or cause them to suffer permanent, catastrophic injuries, such as those suffered by DECEDENT as a result thereof.

I. TESLA further acted despicably by failing to warn DECEDENT and other members of the public of the risks of death and serious injuries resulting from the defective and unsafe seats and seatbelt restraint systems it knowingly and deliberately installed into the SUBJECT VEHICLE, of which the risks of death and serious injury TESLA was at all times well aware, and which TESLA willfully and deliberately failed to warn for the purposes of advancing TESLA's pecuniary interests, i.e., avoidance of loss of vehicle sales and lost profits, as well as loss of customer confidence, and negative publicity adversely impacting TESLA' sales of many platforms of its vehicles using similar seat back and seatbelt designs. In so intentionally failing to warn DECEDENT and other members of the public of such serious risks of death and serious injuries known to TESLA in order to advance its pecuniary interests, TESLA acted in conscious disregard for the safety of DECEDENT and other foreseeable users of the SUBJECT VEHICLE.

27.     NAOMI further alleges that TESLA's conduct was undertaken with the result that the SUBJECT VEHICLE's ultimate defects in its design and production were fully intended by TESLA to reside therein. NAOMI is informed and believes that the decisions made by TESLA to knowingly design and manufacture the SUBJECT VEHICLE with its defective seats and seat backs, its defective restraint system and components, and TESLA's failure to warn of these

PLAINTIFFS' COMPLAINT FOR DAMAGES

1   defects, all in the defective and dangerous manner as alleged herein, were made by TESLA's

2   corporate management and were the product of corporate policy, in that such major and strategic

3   design and manufacturing decisions, by virtue of TESLA's corporate structure could only be made

4   at the level of corporate management, as the product of corporate policy, given the substantial

5   capitalization requirements and risks associated with such high level design and manufacturing

6   decisions, across an entire vehicle platform line for the SUBJECT VEHICLE, such that they were

7   and are the product of the entire corporate management and corporate policy of TESLA with

8   respect to the conscious and willful disregard of public safety and were made for TESLA's

9   pecuniary gain regarding the design, manufacture, production, marketing and sale of the SUBJECT

10  VEHICLE.

11      28.     As a direct and legal result of the aforementioned conduct of TESLA, an award of

12  exemplary and punitive damages against TESLA is proper and appropriate to punish TESLA and

13  to deter such conduct in the future.

14                              **PRAYER FOR RELIEF**

15      WHEREFORE, Plaintiffs prays for judgment against defendants and each of them, as

16  follows:

17      1.      By NAOMI as the successor in Interest of the Estate of DECEDENT, for economic

18  damages for DECEDENT's post-accident pre-death medical expenses and lost earnings.

19      2.      By NAOMI as the successor in Interest of the Estate of DECEDENT, for non-

20  economic damages for DECEDENT's post-accident pre-death pain, suffering, loss of enjoyment of

21  life, and shortened life expectancy.

22      3.      By NAOMI, H████████, and LUCAS, for economic damages for the loss of

23  DECEDENT's financial support, loss of DECEDENT's gifts and benefits, loss of DECEDENT's

24  household services, and funeral and burial expenses.

25      4.      By NAOMI, H████████, and LUCAS, for non-economic damages for the loss of

26      5.      DECEDENT's love, companionship, comfort, care, assistance, protection,

27  affection, society, moral support, training, and guidance.

28      6.      By H████████, for non-economic damages for the emotional distress which resulted

1     from contemporaneously witnessing the injuries to DECEDENT.

2        7.      By NAOMI as the successor in Interest of the Estate of DECEDENT For exemplary

3     damages from defendant TESLA only.

4        8.      For prejudgment interest, as determined by and accrued according to applicable

5     Statutes.

6        9.      For costs of suit incurred herein.

7       10.      For such other and further relief as the Court deems just and proper.

8

9     DATED:    June 14, 2024            **BISNAR|CHASE LLP**

10

11                       By:      _____

                                    STEVEN HILST, Esq.

12                                     Attorneys for Plaintiffs

13                            **<u>DEMAND FOR JURY TRIAL</u>**

14         Plaintiffs hereby demand a jury trial in this action.

15

16     DATED:    June 14, 2024            **BISNAR|CHASE**

17

18                       By:      _____

19                                   STEVEN HILST, Esq.

                                    Attorneys for Plaintiffs

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

BISNAR|CHASE

# EXHIBIT 1

## STATEMENT OF SUCCESSOR IN INTEREST

I, NAOMI IMATOME-YUN, declare:

I am the legally married wife and the Executor of the Estate of decedent David Y. Yun, who died as the result of injuries he sustained in the motor vehicle accident which is the subject of this action. I make this statement pursuant to *Code of Civil Procedure* § 377.32:

1. The decedent is David Y. Yun.
2. David Y. Yun died on August 31, 2023, in Los Angeles County, California.
3. David Y. Yun was born on October 29, 1976.   He was age 46 at the time of his death.
4. I am a legal heir of David Y. Yun.   The other legal heirs of David Y. Yun are my two sons, Lucas Yun and ▮▮▮ Y▮▮, who are the only other persons who have legal standing to be a claimant in an action for wrongful death under the provisions of *Code of Civil Procedure* §377.60.
6. I am the successor in interest (as defined in *Code of Civil Procedure* § 377.11) and succeed to David Y. Yun's interests in this action.
7. There are pending proceedings for the administration of David Y. Yun's Estate.   I am the court-appointed Executor for the Estate in that action.
8. No other person has a superior right to commence the action or proceeding or to be substituted for David Y. Yun in this action.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: **6/19/24**

*Naomi Imatome-Yun*

Naomi Imatome-Yun

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

### NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*

TESLA, INC. a Delaware Corporation; and DOES 1 through 20, inclusive

### YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

NAOMI IMATOME-YUN, individually and as the Successor-in-Interest to the Estate of David Y.
Yun, deceased, and as the Guardian ad Litem for E███ Y██, a minor; and (see attachment)

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Central Justice Center<br><br>700 Civic Center Drive West | **CASE NUMBER:**<br><br>**30-2024-01409607-CU-PL-CJC**<br><br>**Assigned for All Purposes** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Steven Hilst, Esq, 1301 Dove Street, Suite 120, Newport Beach, CA 92660, T: (949) 752-2999

Judge Andre De La Cruz

| | | | |
|---|---|---|---|
| DATE: 08/28/2024<br>*(Fecha)* | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by A. Burton *Athena Burton*<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*   TESLA, INC., a Delaware Corporation
   under: ☒ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)           ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Naomi Imatome-Yun, et al v. Tesla, Inc. | 30-2024-01409607-CU-PL-CJC |

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** (Check only one box. Use a separate page for each type of party.):

[x] Plaintiff     [ ] Defendant     [ ] Cross-Complainant     [ ] Cross-Defendant

LUCAS YUN, individually.

Page __1__ of __1__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Exhibit "B"

1  BOWMAN AND BROOKE LLP
   James W. Halbrooks, Jr. (SBN: 202059)
2  james.halbrooks@bowmanandbrooke.com
   Anthony J. Parascandola (SBN: 140217)
3  tony.parascandola@bowmanandbrooke.com
   970 West 190th Street, Suite 700
4  Torrance, CA  90502
   Telephone No.: (310) 768-3068
5  Fax No.: (310) 719-1019

6  Attorneys for Defendant
   TESLA, INC.

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF ORANGE

10 NAOMI IMATOME-YUM, individually,     )  CASE NO.:  30-2024-01409607-CU-PL-CJC
   and as the Successor-in-Interest to  )
11 the Estate of David Y. Yun, deceased, )  Assigned to:  Hon. Andre De La Cruz
   and as the Guardian ad Litem for     )  Department:  C11
12 E█████ Y███, a minor; and LUCAS      )
   YUN, individually,                    )  DEFENDANT TESLA, INC.'S REQUESTS
13                                        )  FOR ADMISSION PROPOUNDED TO
                                         )  PLAINTIFF NAOMI IMATOME-YUM,
14               Plaintiffs,              )  INDIVIDUALLY, SET ONE
                                         )
15       vs.                             )  Action Filed:  July 19, 2024
                                         )  Trial:          December 1, 2025
16 TESLA, INC., and DOES 1 through 20,   )
   inclusive,                            )
17                                        )
                 Defendants.             )
18                                        )

19

20 PROPOUNDING PARTY:        Defendant TESLA, INC.

21 RESPONDING PARTY:         NAOMI IMATOME-YUM, individually

22 SET NUMBER:               One

23      Defendant TESLA, INC. pursuant to Code of Civil Procedure section 20330.020,

24 hereby requests that Responding Party answer fully, separately and under oath, the

25 following requests for admission within thirty (30) days after service.

26 / / /

27 / / /

28 / / /

**REQUESTS FOR ADMISSION**

**REQUEST NO. 1:**

Admit that at the time of filing your lawsuit, YOU were a citizen of the State of California.

**REQUEST NO. 2:**

Admit that at the time of filing your lawsuit, YOU resided in California.

**REQUEST NO. 3:**

Admit that at the time of filing your lawsuit, YOU were not a citizen of the State of Texas.

**REQUEST NO. 4:**

Admit that at the time of filing your lawsuit, YOU were not a resident of Texas.


DATED:  December 2, 2024                BOWMAN AND BROOKE LLP

                                        BY:  _____
                                             James W. Halbrooks, Jr.
                                             Anthony J. Parascandola
                                             Attorneys for Defendant,
                                             TESLA, INC.

30511969v1                              2

**PROOF OF SERVICE**
*CCP 1013A(3)*

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 970 West 190th Street, Suite 700, Torrance, California 90502-1091.

On December 2, 2024, I served the foregoing document described as **DEFENDANT TESLA, INC.'S REQUESTS FOR ADMISSION PROPOUNDED TO PLAINTIFF NAOMI IMATOME-YUM, INDIVIDUALLY, SET ONE** on all interested parties in this action as follows:

Brian D. Chase, Esq.
Steven Hilst, Esq.
BISNAR I CHASE LP
1301 Dove St., Suite 120
Newport Beach, CA 92660
Phone: (949) 752-2999
Fax: (949) 752-2777
shilst@bisnarchase.com
bchase@bisnarchase.com
asifuentes@bisnarchase.com

(**X**)    **BY ELECTRONIC SERVICE (CCP §1010.6):** I caused the above-reference document(s) to be sent in electronic PDF format as an attachment(s) to an email addressed to the person(s) on whom such document(s) is/are to be served at the email address(es) shown above or to attached service list, as last given by that person(s) or as obtained from the internet website(s) relating to such person(s), and I did not receive an email response upon sending such email indicating that such email was not delivered.

Executed on December 2, 2024, at Torrance, California.

(**X**) (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.


_____
Janne S. Flores

1  BOWMAN AND BROOKE LLP
   James W. Halbrooks, Jr. (SBN: 202059)
2  james.halbrooks@bowmanandbrooke.com
   Anthony J. Parascandola (SBN: 140217)
3  tony.parascandola@bowmanandbrooke.com
   970 West 190th Street, Suite 700
4  Torrance, CA  90502
   Telephone No.: (310) 768-3068
5  Fax No.: (310) 719-1019

6  Attorneys for Defendant
   TESLA, INC.
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     FOR THE COUNTY OF ORANGE

10 NAOMI IMATOME-YUM, individually,      )   CASE NO.:  30-2024-01409607-CU-PL-CJC
   and as the Successor-in-Interest to   )
11 the Estate of David Y. Yun, deceased, )   Assigned to:  Hon. Andre De La Cruz
   and as the Guardian ad Litem for      )   Department:  C11
12 E██████ Y██, a minor; and LUCAS       )
   YUN, individually,                    )   DEFENDANT TESLA, INC.'S REQUESTS
13                                        )   FOR ADMISS████ ███P ██UNDED TO
                                         )   PLAINTIFF E██████ Y██, SET ONE
14                   Plaintiffs,          )
                                         )   Action Filed:  July 19, 2024
15        vs.                            )   Trial:         December 1, 2025
                                         )
16 TESLA, INC., and DOES 1 through 20,   )
   inclusive,                            )
17                                        )
                     Defendants.          )
18

19 PROPOUNDING PARTY:        Defendant TESLA, INC.

20 RESPONDING PARTY:         E██████ Y██

21 SET NUMBER:               One

22        Defendant TESLA, INC. pursuant to Code of Civil Procedure section 20330.020,

23 hereby requests that Responding Party answer fully, separately and under oath,

24 the following requests for admission within thirty (30) days after service.

25                          **DEFINITIONS**

26        A.     The "SUBJECT VEHICLE" refers to the 2021 Tesla Model S (VIN No.

27 5YJSA1E64MF433546) as identified in plaintiffs' Complaint.

28        B.     "INCIDENT" refers to the July 28, 2023, incident involving the SUBJECT

                                         1
30511969v1

30954429v1

1  VEHICLE described in plaintiff's Complaint.

2      C.      "DOCUMENT" or "DOCUMENTS" means any writing as the term is

3  defined in California Evidence Code Section 250 and is used in the broadest sense

4  permissible, including any recorded information (whether printed, typed, photocopied,

5  handwritten, recorded, electronically stored, produced or reproduced, or created by any

6  other process), tangible thing, or any other compilation of information that is within

7  YOUR possession, custody, or control, including, without limitation, any and all:

8          1.      accountant work papers, advertising circulars, advisories,

9      agreements, appointment books, articles, bills, binders, books, brochures,

10     bulletins, cables, calendars, certificates of insurance, charts, checks, circulars,

11     communications (intra-office, inter-office, external, and other), compilations,

12     computer printouts, confirmations, contracts, correspondence, desk-pads,

13     diaries, drafts, drawings, exhibits, facsimiles, financial statements, flyers,

14     forecasts, graphs, guidelines, invoices, instructions, letters, lists, logs, manuals,

15     memoranda, messages, microfiche, microfilm, minutes of meetings, notebooks,

16     notes, outlines, pamphlets, periodicals and clippings from periodicals, placement

17     slips, pleadings, policies, post-it notes, projections, prospectuses, questionnaires,

18     receipts, records, reports, rules, schedules, social media communications,

19     including but not limited to information posted on or transmitted through social

20     networking platforms (e.g., Facebook, LinkedIn, MySpace), digital file-sharing

21     services (e.g., Flickr and Instagram), blogs and microblogs (e.g., Twitter/X),

22     instant messages, and/or comments on Websites, message boards or online

23     news articles, statements, studies, subscription agreements or pages,

24     summaries, tables, telecopies, telefaxes, telegrams, telephone messages,

25     telexes, translations; treaties, wire messages, and worksheets;

26          2.      graphic or audio records or representations of any kind, including

27     photographs, charts, drawings, graphs, microfiche, microfilm, videotapes,

28     recordings, and motion pictures;

3.      electric, electronic, magnetic, mechanical, and optical records or representations of any kind, including, without limitation, tapes, cassettes, computer discs, recordings, computer memories, or other electronic data compilations;

4.      all originals, as well as copies that vary from the original in any respect, including, without limitation, variations due to handwritten notes, editing, interlineations, blind copies, and other alterations.

D.      "PERSON" and/or "PERSONS" means any natural person, corporation, partnership, joint venture, association or other legal entity.

E.      "YOU" and/or "YOUR" refers to plaintiff E█████ Y██ and includes the employees, agents, representatives, predecessors, attorneys or others acting on behalf of E█████ Y██. The request does not seek production of attorney-client communications.

F.      "DECEDENT" refers to David Y. Yun, and includes the employees, agents, representatives, predecessors, attorneys or others acting on behalf of David Y. Yun. The request does not seek production of attorney-client communications.

G.      "TESLA" refers to Tesla, Inc. (propounding party), and includes the employees, agents, representatives, predecessors, attorneys or others acting on behalf of Tesla, Inc.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

3

1

## **REQUESTS FOR ADMISSION**

2 **REQUEST NO. 1:**

3       Admit that at the time of filing your lawsuit, YOU were a citizen of the State of

4 California.

5 **REQUEST NO. 2:**

6       Admit that at the time of filing your lawsuit, YOU resided in California.

7 **REQUEST NO. 3:**

8       Admit that at the time of filing your lawsuit, YOU were not a citizen of the State of

9 Texas.

10 **REQUEST NO. 4:**

11       Admit that at the time of filing your lawsuit, YOU were not a resident of Texas.

12

13 DATED:  December 2, 2024                    BOWMAN AND BROOKE LLP

14

15                                          BY:  _____

16                                          James W. Halbrooks, Jr.
                                           Anthony J. Parascandola
17                                          Attorneys for Defendant
                                           TESLA, INC.

18

19

20

21

22

23

24

25

26

27

28

30511969v1                              4

**PROOF OF SERVICE**
*CCP 1013A(3)*

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 970 West 190th Street, Suite 700, Torrance, California 90502-1091.

On December 2, 2024, I served the foregoing document described as **DEFENDANT TE████ IN ████'S REQUESTS FOR ADMISSION PROPOUNDED TO PLAINTIFF E████ Y██, SET ONE** on all interested parties in this action as follows:

Brian D. Chase, Esq.
Steven Hilst, Esq.
BISNAR I CHASE LP
1301 Dove St., Suite 120
Newport Beach, CA 92660
Phone: (949) 752-2999
Fax: (949) 752-2777
shilst@bisnarchase.com
bchase@bisnarchase.com
asifuentes@bisnarchase.com

**(X)    BY ELECTRONIC SERVICE (CCP §1010.6):** I caused the above-reference document(s) to be sent in electronic PDF format as an attachment(s) to an email addressed to the person(s) on whom such document(s) is/are to be served at the email address(es) shown above or to attached service list, as last given by that person(s) or as obtained from the internet website(s) relating to such person(s), and I did not receive an email response upon sending such email indicating that such email was not delivered.

Executed on December 2, 2024, at Torrance, California.

**(X)** (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
**Janne S. Flores**

DEFENDANT TESLA, INC.'S REQUESTS FOR ADMISSION PROPOUNDED TO PLAINTIFF E████ Y██, SET ONE

1  BOWMAN AND BROOKE LLP
   James W. Halbrooks, Jr. (SBN: 202059)
2  james.halbrooks@bowmanandbrooke.com
   Anthony J. Parascandola (SBN: 140217)
3  tony.parascandola@bowmanandbrooke.com
   970 West 190th Street, Suite 700
4  Torrance, CA  90502
   Telephone No.: (310) 768-3068
5  Fax No.: (310) 719-1019

6  Attorneys for Defendant
   TESLA, INC.

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       FOR THE COUNTY OF ORANGE

10  NAOMI IMATOME-YUM, individually,          )  CASE NO.:  30-2024-01409607-CU-PL-CJC
    and as the Successor-in-Interest to       )
11  the Estate of David Y. Yun, deceased,     )  Assigned to:  Hon. Andre De La Cruz
    and as the Guardian ad Litem for          )  Department:  C11
12  E█████ Y██, a minor; and LUCAS            )
    YUN, individually,                        )  DEFENDANT TESLA, INC.'S REQUESTS
13                                            )  FOR ADMISSION PROPOUNDED TO
                                              )  PLAINTIFF LUCAS YUN, SET ONE
14                       Plaintiffs,          )
                                              )  Action Filed:  July 19, 2024
15          vs.                               )  Trial:         December 1, 2025
                                              )
16  TESLA, INC., and DOES 1 through 20,       )
    inclusive,                                )
17                                            )
                         Defendants.          )
18

19  PROPOUNDING PARTY:        Defendant TESLA, INC.

20  RESPONDING PARTY:         E█████ Y██

21  SET NUMBER:               One

22          Defendant TESLA, INC. pursuant to Code of Civil Procedure section 20330.020,

23  hereby requests that Responding Party answer fully, separately and under oath, the

24  following requests for admission within thirty (30) days after service.

25                              **DEFINITIONS**

26          A.      The "SUBJECT VEHICLE" refers to the 2021 Tesla Model S (VIN No.

27  5YJSA1E64MF433546) as identified in plaintiffs' Complaint.

28          B.      "INCIDENT" refers to the July 28, 2023, incident involving the SUBJECT

1  VEHICLE described in plaintiff's Complaint.

2      C.      "DOCUMENT" or "DOCUMENTS" means any writing as the term is

3  defined in California Evidence Code Section 250 and is used in the broadest sense

4  permissible, including any recorded information (whether printed, typed, photocopied,

5  handwritten, recorded, electronically stored, produced or reproduced, or created by any

6  other process), tangible thing, or any other compilation of information that is within

7  YOUR possession, custody, or control, including, without limitation, any and all:

8          1.      accountant work papers, advertising circulars, advisories,

9      agreements, appointment books, articles, bills, binders, books, brochures,

10      bulletins, cables, calendars, certificates of insurance, charts, checks, circulars,

11      communications (intra-office, inter-office, external, and other), compilations,

12      computer printouts, confirmations, contracts, correspondence, desk-pads,

13      diaries, drafts, drawings, exhibits, facsimiles, financial statements, flyers,

14      forecasts, graphs, guidelines, invoices, instructions, letters, lists, logs, manuals,

15      memoranda, messages, microfiche, microfilm, minutes of meetings, notebooks,

16      notes, outlines, pamphlets, periodicals and clippings from periodicals, placement

17      slips, pleadings, policies, post-it notes, projections, prospectuses, questionnaires,

18      receipts, records, reports, rules, schedules, social media communications,

19      including but not limited to information posted on or transmitted through social

20      networking platforms (e.g., Facebook, LinkedIn, MySpace), digital file-sharing

21      services (e.g., Flickr and Instagram), blogs and microblogs (e.g., Twitter/X),

22      instant messages, and/or comments on Websites, message boards or online

23      news articles, statements, studies, subscription agreements or pages,

24      summaries, tables, telecopies, telefaxes, telegrams, telephone messages,

25      telexes, translations; treaties, wire messages, and worksheets;

26          2.      graphic or audio records or representations of any kind, including

27      photographs, charts, drawings, graphs, microfiche, microfilm, videotapes,

28      recordings, and motion pictures;

30511969v1                                       2

3.    electric, electronic, magnetic, mechanical, and optical records or representations of any kind, including, without limitation, tapes, cassettes, computer discs, recordings, computer memories, or other electronic data compilations;

4.    all originals, as well as copies that vary from the original in any respect, including, without limitation, variations due to handwritten notes, editing, interlineations, blind copies, and other alterations.

D.    "PERSON" and/or "PERSONS" means any natural person, corporation, partnership, joint venture, association or other legal entity.

E.    "YOU" and/or "YOUR" refers to plaintiff LUCAS YUN and includes the employees, agents, representatives, predecessors, attorneys or others acting on behalf of LUCAS YUN. The request does not seek production of attorney-client communications.

F.    "DECEDENT" refers to David Y. Yun, and includes the employees, agents, representatives, predecessors, attorneys or others acting on behalf of David Y. Yun. The request does not seek production of attorney-client communications.

G.    "TESLA" refers to Tesla, Inc. (propounding party), and includes the employees, agents, representatives, predecessors, attorneys or others acting on behalf of Tesla, Inc.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1

## REQUESTS FOR ADMISSION

2 **REQUEST NO. 1:**

3       Admit that at the time of filing your lawsuit, YOU were a citizen of the State of

4 California.

5 **REQUEST NO. 2:**

6       Admit that at the time of filing your lawsuit, YOU resided in California.

7 **REQUEST NO. 3:**

8       Admit that at the time of filing your lawsuit, YOU were not a citizen of the State of

9 Texas.

10 **REQUEST NO. 4:**

11       Admit that at the time of filing your lawsuit, YOU were not a resident of Texas.

12

13 DATED:  December 2, 2024                    BOWMAN AND BROOKE LLP

14

15                                    BY: _____

16                                          James W. Halbrooks, Jr.
                                             Anthony J. Parascandola
17                                          Attorneys for Defendant
                                             TESLA, INC.

18

19

20

21

22

23

24

25

26

27

28

30511969v1

4

1

**PROOF OF SERVICE**
*CCP 1013A(3)*

2

3

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

4

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 970 West 190th Street, Suite 700, Torrance, California 90502-1091.

5

6

On December 2, 2024, I served the foregoing document described as **DEFENDANT TESLA, INC.'S REQUESTS FOR ADMISSION PROPOUNDED TO PLAINTIFF LUCAS YUN, SET ONE** on all interested parties in this action as follows:

7

8

Brian D. Chase, Esq.
Steven Hilst, Esq.
BISNAR I CHASE LP
1301 Dove St., Suite 120
Newport Beach, CA 92660
Phone: (949) 752-2999
Fax: (949) 752-2777
shilst@bisnarchase.com
bchase@bisnarchase.com
asifuentes@bisnarchase.com

9

10

11

12

13

(**X**)    **BY ELECTRONIC SERVICE (CCP §1010.6):** I caused the above-reference document(s) to be sent in electronic PDF format as an attachment(s) to an email addressed to the person(s) on whom such document(s) is/are to be served at the email address(es) shown above or to attached service list, as last given by that person(s) or as obtained from the internet website(s) relating to such person(s), and I did not receive an email response upon sending such email indicating that such email was not delivered.

14

15

16

17

Executed on December 2, 2024, at Torrance, California.

18

(**X**) (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

19

20

21

_____
**Janne S. Flores**

22

23

24

25

26

27

28

30511969v1

DEFENDANT TESLA, INC.'S REQUESTS FOR ADMISSION PROPOUNDED TO
PLAINTIFF LUCAS YUN, SET ONE

30954543v1

1  BOWMAN AND BROOKE LLP
   James W. Halbrooks, Jr. (SBN: 202059)
2  james.halbrooks@bowmanandbrooke.com
   Anthony J. Parascandola (SBN: 140217)
3  tony.parascandola@bowmanandbrooke.com
   970 West 190th Street, Suite 700
4  Torrance, CA  90502
   Telephone No.: (310) 768-3068
5  Fax No.: (310) 719-1019

6  Attorneys for Defendant
   TESLA, INC.
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      FOR THE COUNTY OF ORANGE

10 NAOMI IMATOME-YUN, individually,      )  CASE NO.:  30-2024-01409607-CU-PL-CJC
   and as the Successor-in-Interest to   )
11 the Estate of David Y. Yun, deceased, )  Assigned to: Hon. Andre De La Cruz
   and as the Guardian ad Litem for      )  Department:  C11
12 E██████ Y██, a minor; and LUCAS       )
   YUN, individually,                    )  REQUEST FOR NATURE AND EXTENT
13                                        )  OF DAMAGES TO PLAINTIFFS
                                          )
14                     Plaintiffs,        )
                                          )  Action Filed:  July 19, 2024
15            vs.                         )  Trial:          December 1, 2025
                                          )
16 TESLA, INC., and DOES 1 through 20,    )
   inclusive,                            )
17                                        )
                     Defendants.          )
18

19       TO PLAINTIFFS NAOMI IMATOME-YUN (individually), NAOMI IMATOME-YUN

20 as the Successor-in-Interest to the Estate of David Y. Yun, NAOMI IMATOME-YUN as

21 the Guardian ad Litem for E██████ Y██, LUCAS YUN, AND THEIR ATTORNEYS OF

22 RECORD:

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

REQUEST FOR NATURE AND EXTENT OF DAMAGES TO PLAINTIFFS

30946070v1

1    NOTICE IS HEREBY GIVEN THAT Defendant TESLA, INC., pursuant to Section

2    425.11 of the Code of Civil Procedure, hereby requests a complete statement, setting

3    forth item by item, the nature and extent of the special and general damages being

4    sought in this action. Said response to be served within fifteen (15) days of service of

5    this request.

6

7

8    DATED:  December 3, 2024                    BOWMAN AND BROOKE LLP

9

10                                              BY: _____

11                                                   James W. Halbrooks, Jr.
                                                     Anthony J. Parascandola
12                                                   Attorneys for Defendant
                                                     TESLA, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

REQUEST FOR NATURE AND EXTENT OF DAMAGES TO PLAINTIFFS

30946070v1

**PROOF OF SERVICE**
*CCP 1013A(3)*

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 970 West 190th Street, Suite 700, Torrance, California 90502-1091.

On December 3, 2024, I served the foregoing document described as **REQUEST FOR NATURE AND EXTENT OF DAMAGES TO PLAINTIFF** on all interested parties in this action by transmitting an electronic copy as follows:

Brian D. Chase, Esq.
Steven Hilst, Esq.
BISNAR I CHASE LP
1301 Dove St., Suite 120
Newport Beach, CA 92660
Phone: (949) 752-2999
Fax: (949) 752-2777
shilst@bisnarchase.com
bchase@bisnarchase.com
asifuentes@bisnarchase.com

(**X**)    **BY ELECTRONIC SERVICE (CCP §1010.6):** I caused the above-reference document(s) to be sent in electronic PDF format as an attachment(s) to an email addressed to the person(s) on whom such document(s) is/are to be served at the email address(es) shown above or to attached service list, as last given by that person(s) or as obtained from the internet website(s) relating to such person(s), and I did not receive an email response upon sending such email indicating that such email was not delivered.

Executed on December 3, 2024, at Torrance, California.

(**X**) (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
**Janne S. Flores**

---

REQUEST FOR NATURE AND EXTENT OF DAMAGES TO PLAINTIFFS

30946070v1

Exhibit "C"

1  **BISNAR|CHASE LP**
   NEWPORT PLACE
2  1301 Dove St., Suite 120
   Newport Beach, CA 92660
3  Phone: (949) 752-2999
   Fax: (949) 752-2777
4  BRIAN D. CHASE, ESQ., State Bar No.164109
   bchase@bisnarchase.com
5  STEVEN HILST, ESQ., State Bar No. 133645
   shilst@bisnarchase.com
6
   Attorneys for Plaintiffs
7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9                       **COUNTY OF ORANGE**
10

11

12  NAOMI IMATOME-YUN, individually,        CASE NO. 30-2024-01409607-CU-PL-CJC
    and as the Successor-in-Interest to the
13  Estate of David Y. Yun, deceased, and as    Assigned to: Hon. Andre De La Cruz
    the Guardian ad Litem for E██████ Y██,      Dept.: C11
14  a minor; and LUCAS YUN, individually,
                                                **PLAINTIFF NAOMI IMATOME-YUN'S**
15                                              **RESPONSES TO DEFENDANT TESLA,**
                   Plaintiffs,                  **INC.'S REQUESTS FOR ADMISSION, SET**
16                                              **ONE**
              vs.
17                                              Date Filed: June 26, 2024
                                                Trial Date: December 1, 2025
18  TESLA, INC., a Delaware Corporation; and
    DOES 1 through 20, inclusive,
19
                   Defendants.
20

21

22  PROPOUNDING PARTY:   Defendant TESLA, INC.

23  RESPONDING PARTY:    Plaintiff NAOMI IMATOME-YUN

24  SET NO.:             ONE (1)

25      Pursuant to California Code of Civil Procedure § 2033.210 et seq., *Plaintiff* NAOMI

26  IMATOME-YUN ("Plaintiff" or "Responding Party") submits the following objections and

27  responses (the "Response(s) to Request for Admissions, Set One, propounded by *Defendant* TESLA,

28  INC. ("Defendant" or "Propounding Party").   Unless otherwise indicated, the following preliminary

1  statement and general objections apply to and are incorporated to each response.

2       It should be noted that the Responding Party has not yet fully completed investigating the

3  facts relating to this case, has not fully completed discovery in this action and has not completed

4  trial preparation.  All of the answers contained herein are based only upon such information and

5  documents which are presently available to and specifically known to this Responding Party and

6  disclose only those contentions which presently occur to such Responding Party. Plaintiff's

7  Responses to these requests are limited to information not protected from disclosure by the attorney

8  work-product doctrine (C.C.P. § 2018), the attorney-client privilege (Evidence Code § 954), and the

9  premature disclosure of expert information, contrary to the provisions of C.C.P. § 2034.

10      It is anticipated that further discovery, independent investigation, legal research, and analysis

11  will supply additional facts and meaning to the known facts, as well as establish entirely new factual

12  conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and

13  variations from the contentions herein set forth.

14      The following responses are given without prejudice to Responding Party's right to produce

15  evidence to any subsequently discovered fact or facts which this Responding Party may later recall.

16  Responding Party accordingly reserves the right to change any and all answers herein as additional

17  facts are ascertained, analyses are made, legal research is completed, and contentions are made. The

18  responses contained herein are made in a good faith effort to supply as much factual information and

19  as much specification of legal contentions as is presently known but should in no way prejudice

20  Responding Party in relation to further discovery, research, and analysis.

21                      **RESPONSES TO REQUESTS FOR ADMISSION**

22  **REQUEST NO. 1:**

23      Admit that at the time of filing your lawsuit, YOU were a citizen of the State of California.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

25      Admit.

26  **REQUEST NO. 2:**

27      Admit that at the time of filing your lawsuit, YOU resided in California.

28  / / /

BISNAR|CHASE

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

2      Admit.

3  **REQUEST NO. 3:**

4  Admit that at the time of filing your lawsuit, YOU were not a citizen of the State of Texas.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

6      Admit.

7  **REQUEST NO. 4:**

8      Admit that at the time of filing your lawsuit, YOU were not a resident of Texas.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

10      Admit.

11

12

13  DATED:   December 4, 2024                    **BISNAR | CHASE LLP**

14                                          By: _____

15                                              STEVEN HILST, Esq.
                                                Attorneys for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF NAOMI IMATOME-YUN'S RESPONSE TO DEFENDANT'S REQUESTS FOR ADMISSION, SET ONE**

1

**PROOF OF SERVICE**

*Naomi Imatome-Yun, et al. V. Tesla, Inc., et al.*
*Case No. 30-2024-01409607-CU-PL-CJC*

2

3    I am a citizen of the United States and employed in Orange County, California. I am over

4    the age of eighteen and not a party to the within-entitled action. My business address is 1301 Dove

5    Street, Suite 120, Newport Beach, CA 92660. I am readily familiar with this firm's practice for

6    collection and processing of correspondence for mailing. On December 4, 2024, I served correct

7    copy of the within document(s) on the parties listed on the attached service list:

8

9    • **PLAINTIFF NAOMI IMATOME-YUN'S RESPONSES TO DEFENDANT TESLA,
     INC.'S REQUESTS FOR ADMISSION, SET ONE**

10

11    ☐    BY MAIL, by placing a true copy thereof, in a sealed envelope to the addressee(s) below,
      and depositing the same into the United States mail at the address located set forth herein above,

12    with sufficient first-class postage thereon pre-paid to:

13    ☐    BY OVERNIGHT PRIORITY MAIL WITH NEXT BUSINESS DAY DELIVERY

14    GUARANTEED by placing a true copy thereof, in a sealed envelope to the addressee(s) below,
      and depositing the same into the FEDERAL EXPRESS mail drop at the address located set forth

15    herein above, with postage pre-paid.

16    ☐    BY PERSONAL SERVICE, by causing personal delivery to the same addressee(s) listed

17    as follows:

18    ☐    BY FACSIMILE, by transmitting by facsimile transmission a true and correct copy of the

19    same to the addressee(s) listed below:

20    ☒    BY ELECTRONIC SERVICE, by electronically serving a copy of the forgoing

21    document(s) on the individual(s) listed on the attached mailing list.

22    I declare under penalty of perjury under the laws of the State of California that the

23    foregoing is true and correct. Executed on December 4, 2024, at Newport Beach, California.

24

25    _____
      ALLEN SIFUENTES

26

27

28

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SERVICE LIST**

*Naomi Imatome-Yun, et al. V. Tesla, Inc., et al.*
*Case No. 30-2024-01409607-CU-PL-CJC*

| | |
|---|---|
| James W. Halbrooks, Jr., Esq.<br>Anthony J. Parascandola, Esq.<br>BOWMAN AND BROOKE LLP<br>970 West 190th Street, Suite 700<br>Torrance, CA 90502<br>Tel.: (310) 768-3068<br>Fax: (310) 719-1019 | Attorneys for *Defendant* **TESLA, INC.**<br><br>Email:<br>james.halbrooks@bowmanandbrooke.com<br>tony.parascandola@bowmanandbrooke.com<br>janne.flores@bowmanandbrooke.com<br>robyn.brandt@bowmanandbrooke.com |

1

*Naomi Imatome-Yun, et al. v. Tesla, Inc.*
Orange County Superior Court
Case No. 30-2024-01409607-CU-PL-CJC

## **VERIFICATION**

(C.C.P. § 446 and § 2015.5)

I am a plaintiff in the above-captioned matter. I am familiar with the contents of the foregoing document: PLAINTIFF NAOMI IMATOME-YUN'S RESPONSES TO DEFENDANT TESLA, INC.'S REQUESTS FOR ADMISSION, SET ONE. The information supplied therein is based on my own personal knowledge and/or has been supplied by my attorneys or other agents and is therefore provided as required by law. The information contained in the foregoing document is true, except as to any information which was provided by my attorneys or other agents, and, as to that information, I am informed and believe that it is true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 12/10/2024

_____
NAOMI IMATOME-YUN

1 | **BISNAR|CHASE LP**
NEWPORT PLACE
2 | 1301 Dove St., Suite 120
Newport Beach, CA 92660
3 | Phone: (949) 752-2999
Fax: (949) 752-2777
4 | BRIAN D. CHASE, ESQ., State Bar No.164109
bchase@bisnarchase.com
5 | STEVEN HILST, ESQ., State Bar No. 133645
shilst@bisnarchase.com
6 |
Attorneys for Plaintiffs
7 |
8 |
9 | SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF ORANGE
10 |
11 |
12 | NAOMI IMATOME-YUN, individually, and as the Successor-in-Interest to the Estate of David Y. Yun, deceased, and as the Guardian ad Litem for E▮▮▮▮ Y▮▮ a minor; and LUCAS YUN, individually,

CASE NO. 30-2024-01409607-CU-PL-CJC

Assigned to: Hon. Andre De La Cruz
Dept.: C11

**PLAINTIFF LUCAS YUN'S RESPONSE TO DEFENDANT TESLA, INC.'S REQUESTS FOR ADMISSION, SET ONE**

Plaintiffs,

vs.

TESLA, INC., a Delaware Corporation; and DOES 1 through 20, inclusive,

Defendants.

Date Filed: June 26, 2024
Trial Date: December 1, 2025

PROPOUNDING PARTY:   Defendant TESLA, INC.

RESPONDING PARTY:   Plaintiff LUCAS YUN

SET NO.:   ONE (1)

Pursuant to California Code of Civil Procedure § 2033.210 et seq., *Plaintiff* LUCAS YUN ("Plaintiff" or "Responding Party") submits the following objections and responses (the "Response(s) to Request for Admissions, Set One, propounded by *Defendant* TESLA, INC. ("Defendant" or "Propounding Party"). Unless otherwise indicated, the following preliminary

1

**PLAINTIFF LUCAS YUN'S RESPONSE TO DEFENDANT'S REQUESTS FOR ADMISSION, SET ONE**

1    statement and general objections apply to and are incorporated to each response.

2        It should be noted that the Responding Party has not yet fully completed investigating the
3    facts relating to this case, has not fully completed discovery in this action and has not completed
4    trial preparation.    All of the answers contained herein are based only upon such information and
5    documents which are presently available to and specifically known to this Responding Party and
6    disclose only those contentions which presently occur to such Responding Party. Plaintiff's
7    Responses to these requests are limited to information not protected from disclosure by the attorney
8    work-product doctrine (C.C.P. § 2018), the attorney-client privilege (Evidence Code § 954), and the
9    premature disclosure of expert information, contrary to the provisions of C.C.P. § 2034.

10        It is anticipated that further discovery, independent investigation, legal research, and analysis
11    will supply additional facts and meaning to the known facts, as well as establish entirely new factual
12    conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and
13    variations from the contentions herein set forth.

14        The following responses are given without prejudice to Responding Party's right to produce
15    evidence to any subsequently discovered fact or facts which this Responding Party may later recall.
16    Responding Party accordingly reserves the right to change any and all answers herein as additional
17    facts are ascertained, analyses are made, legal research is completed, and contentions are made. The
18    responses contained herein are made in a good faith effort to supply as much factual information and
19    as much specification of legal contentions as is presently known but should in no way prejudice
20    Responding Party in relation to further discovery, research, and analysis.

21                        **RESPONSES TO REQUESTS FOR ADMISSION**

22    **REQUEST NO. 1:**

23        Admit that at the time of filing your lawsuit, YOU were a citizen of the State of California.\

24    **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

25    Admit.

26    **REQUEST NO. 2:**

27        Admit that at the time of filing your lawsuit, YOU resided in California.

28    / / /

1 | **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

2 | Admit.

3 | **REQUEST NO. 3:**

4 |    Admit that at the time of filing your lawsuit, YOU were not a citizen of the State of Texas.

5 | **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

6 | Admit.

7 | **REQUEST NO. 4:**

8 |    Admit that at the time of filing your lawsuit, YOU were not a resident of Texas.

9 | **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

10 | Admit.

11

12

13 | DATED:    December 4, 2024                    **BISNAR | CHASE LLP**

14

15 |                                              By: _____
                                                 STEVEN HILST, Esq.
16 |                                              Attorneys for Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF LUCAS YUN'S RESPONSE TO DEFENDANT'S REQUESTS FOR ADMISSION, SET ONE**

**PROOF OF SERVICE**

*Naomi Imatome-Yun, et al. V. Tesla, Inc., et al.*
*Case No. 30-2024-01409607-CU-PL-CJC*

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen and not a party to the within-entitled action. My business address is 1301 Dove Street, Suite 120, Newport Beach, CA 92660. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing. On December 4, 2024, I served correct copy of the within document(s) on the parties listed on the attached service list:

- **PLAINTIFF LUCAS YUN'S RESPONSE TO DEFENDANT TESLA, INC.'S REQUESTS FOR ADMISSION, SET ONE**

☐  BY MAIL, by placing a true copy thereof, in a sealed envelope to the addressee(s) below, and depositing the same into the United States mail at the address located set forth herein above, with sufficient first-class postage thereon pre-paid to:

☐  BY OVERNIGHT PRIORITY MAIL WITH NEXT BUSINESS DAY DELIVERY GUARANTEED by placing a true copy thereof, in a sealed envelope to the addressee(s) below, and depositing the same into the FEDERAL EXPRESS mail drop at the address located set forth herein above, with postage pre-paid.

☐  BY PERSONAL SERVICE, by causing personal delivery to the same addressee(s) listed as follows:

☐  BY FACSIMILE, by transmitting by facsimile transmission a true and correct copy of the same to the addressee(s) listed below:

☒  BY ELECTRONIC SERVICE, by electronically serving a copy of the forgoing document(s) on the individual(s) listed on the attached mailing list.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on December 4, 2024, at Newport Beach, California.

ALLEN SIFUENTES

1

1

2

**SERVICE LIST**
*Naomi Imatome-Yun, et al. V. Tesla, Inc., et al.*
*Case No. 30-2024-01409607-CU-PL-CJC*

3

4

| James W. Halbrooks, Jr., Esq.<br>Anthony J. Parascandola, Esq.<br>BOWMAN AND BROOKE LLP<br>970 West 190th Street, Suite 700<br>Torrance, CA 90502<br>Tel.: (310) 768-3068<br>Fax: (310) 719-1019 | Attorneys for *Defendant* **TESLA, INC.**<br><br>Email:<br>james.halbrooks@bowmanandbrooke.com<br>tony.parascandola@bowmanandbrooke.com<br>janne.flores@bowmanandbrooke.com<br>robyn.brandt@bowmanandbrooke.com |

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

*Naomi Imatome-Yun, et al. v. Tesla, Inc.*
Orange County Superior Court
Case No. 30-2024-01409607-CU-PL-CJC

## **VERIFICATION**

(C.C.P. § 446 and § 2015.5)

I am a plaintiff in the above-captioned matter. I am familiar with the contents of the foregoing document: PLAINTIFF LUCAS YUN'S RESPONSE TO DEFENDANT TESLA, INC.'S REQUESTS FOR ADMISSION, SET ONE. The information supplied therein is based on my own personal knowledge and/or has been supplied by my attorneys or other agents and is therefore provided as required by law. The information contained in the foregoing document is true, except as to any information which was provided by my attorneys or other agents, and, as to that information, I am informed and believe that it is true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 12/05/2024

_____
LUCAS YUN

1  **BISNAR|CHASE LP**
   NEWPORT PLACE
2  1301 Dove St., Suite 120
   Newport Beach, CA 92660
3  Phone: (949) 752-2999
   Fax: (949) 752-2777
4  BRIAN D. CHASE, ESQ., State Bar No.164109
   bchase@bisnarchase.com
5  STEVEN HILST, ESQ., State Bar No. 133645
   shilst@bisnarchase.com
6
   Attorneys for Plaintiffs
7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                          COUNTY OF ORANGE
10

11
   NAOMI IMATOME-YUN, individually,          CASE NO. 30-2024-01409607-CU-PL-CJC
12 and as the Successor-in-Interest to the
   Estate of David Y. Yun, deceased, and as   Assigned to: Hon. Andre De La Cruz
13 the Guardian ad Litem for E██████ Y███,    Dept.: C11
14 a minor; and LUCAS YUN, individually,
                                              **PLAINTIFF E██████ Y██'S RESPONSE**
15              Plaintiffs,                    **TO DEFENDANT TESLA, INC.'S**
                                              **REQUESTS FOR ADMISSION, SET ONE**
16              vs.                            Date Filed: June 26, 2024
17                                            Trial Date: December 1, 2025
18 TESLA, INC., a Delaware Corporation; and
   DOES 1 through 20, inclusive,
19
                Defendants.
20

21

22 PROPOUNDING PARTY:   Defendant TESLA, INC.

23 RESPONDING PARTY:    Plaintiff E██████ Y██

24 SET NO.:             ONE (1)

25       Pursuant to California Code of Civil Procedure § 2033.210 et seq., *Plaintiff* E██████ Y██

26 ("Plaintiff" or "Responding Party") submits the following objections and responses (the

27 "Response(s) to Request for Admissions, Set One, propounded by *Defendant* TESLA, INC.

28 ("Defendant" or "Propounding Party").  Unless otherwise indicated, the following preliminary

                                          1

1    statement and general objections apply to and are incorporated to each response.

2        It should be noted that the Responding Party has not yet fully completed investigating the

3    facts relating to this case, has not fully completed discovery in this action and has not completed

4    trial preparation.   All of the answers contained herein are based only upon such information and

5    documents which are presently available to and specifically known to this Responding Party and

6    disclose only those contentions which presently occur to such Responding Party. Plaintiff's

7    Responses to these requests are limited to information not protected from disclosure by the attorney

8    work-product doctrine (C.C.P. § 2018), the attorney-client privilege (Evidence Code § 954), and the

9    premature disclosure of expert information, contrary to the provisions of C.C.P. § 2034.

10        It is anticipated that further discovery, independent investigation, legal research, and analysis

11    will supply additional facts and meaning to the known facts, as well as establish entirely new factual

12    conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and

13    variations from the contentions herein set forth.

14        The following responses are given without prejudice to Responding Party's right to produce

15    evidence to any subsequently discovered fact or facts which this Responding Party may later recall.

16    Responding Party accordingly reserves the right to change any and all answers herein as additional

17    facts are ascertained, analyses are made, legal research is completed, and contentions are made. The

18    responses contained herein are made in a good faith effort to supply as much factual information and

19    as much specification of legal contentions as is presently known but should in no way prejudice

20    Responding Party in relation to further discovery, research, and analysis.

21                          **RESPONSES TO REQUESTS FOR ADMISSION**

22    **REQUEST NO. 1:**

23        Admit that at the time of filing your lawsuit, YOU were a citizen of the State of California.

24    **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

25        Admit.

26    **REQUEST NO. 2:**

27        Admit that at the time of filing your lawsuit, YOU resided in California.

28    / / /

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

2      Admit.

3  **REQUEST NO. 3:**

4  Admit that at the time of filing your lawsuit, YOU were not a citizen of the State of Texas.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

6      Admit.

7  **REQUEST NO. 4:**

8      Admit that at the time of filing your lawsuit, YOU were not a resident of Texas.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

10      Admit.

11

12  DATED:   December 4, 2024                    **BISNAR CHASE LLP**

13

14                                          By: _____
                                                STEVEN HILST, Esq.
15                                              Attorneys for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **PROOF OF SERVICE**

*Naomi Imatome-Yun, et al. V. Tesla, Inc., et al.*
*Case No. 30-2024-01409607-CU-PL-CJC*

2

3       I am a citizen of the United States and employed in Orange County, California.  I am over

4    the age of eighteen and not a party to the within-entitled action.  My business address is 1301 Dove

5    Street, Suite 120, Newport Beach, CA 92660.  I am readily familiar with this firm's practice for

6    collection and processing of correspondence for mailing.  On December 4, 2024, I served correct

7    copy  of  the  within  document(s)  on  the  parties  listed  on  the  attached  service  list:

8

9    •  **PLAINTIFF E▮▮▮▮ Y▮▮▮ RESPONSE TO DEFENDANT TESLA, INC.'S**
       **REQUESTS FOR ADMISSION, SET ONE**

10

11    ☐      BY MAIL, by placing a true copy thereof, in a sealed envelope to the addressee(s) below,
      and depositing the same into the United States mail at the address located set forth herein above,
12    with sufficient first-class postage thereon pre-paid to:

13    ☐      BY OVERNIGHT PRIORITY MAIL WITH NEXT BUSINESS DAY DELIVERY
14    GUARANTEED by placing a true copy thereof, in a sealed envelope to the addressee(s) below,
      and depositing the same into the FEDERAL EXPRESS mail drop at the address located set forth
15    herein above, with postage pre-paid.

16    ☐      BY PERSONAL SERVICE, by causing personal delivery to the same addressee(s) listed
17    as follows:

18    ☐      BY FACSIMILE, by transmitting by facsimile transmission a true and correct copy of the
19    same to the addressee(s) listed below:

20    ☒      BY ELECTRONIC SERVICE, by electronically serving a copy of the forgoing
21    document(s) on the individual(s) listed on the attached mailing list.

22       I declare under penalty of perjury under the laws of the State of California that the

23    foregoing is true and correct.  Executed on December 4, 2024, at Newport Beach, California.

24

25                                                _____
                                                   ALLEN SIFUENTES

26

27

28

1

**SERVICE LIST**

*Naomi Imatome-Yun, et al. V. Tesla, Inc., et al.*
*Case No. 30-2024-01409607-CU-PL-CJC*

| | |
|---|---|
| James W. Halbrooks, Jr., Esq.<br>Anthony J. Parascandola, Esq.<br>BOWMAN AND BROOKE LLP<br>970 West 190th Street, Suite 700<br>Torrance, CA 90502<br>Tel.: (310) 768-3068<br>Fax: (310) 719-1019 | Attorneys for *Defendant* **TESLA, INC.**<br><br>Email:<br>james.halbrooks@bowmanandbrooke.com<br>tony.parascandola@bowmanandbrooke.com<br>janne.flores@bowmanandbrooke.com<br>robyn.brandt@bowmanandbrooke.com |

1

Exhibit "D"

**BISNAR|CHASE**
PERSONAL INJURY ATTORNEYS, LLP

December 9, 2024

*SENT VIA EMAIL*
Anthony Parascandola, Esq.
**BOWMAN AND BROOKE LLP**
970 West 190th Street Suite 700
Torrance, California 90502

   Re: *Yun v. Tesla, et al.*

Tony,

   Although I believe it is evident from the Complaint as this matter is a wrongful death case, each
Plaintiff is seeking more than $75,000 as damages from Tesla.

                    Sincerely,

                    **BISNAR|CHASE LLP**

                    STEVEN HILST, ESQ
                    Partner and Trial Lawyer