1

2

3

4

5

6

7

8
9
10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

11  NAOMI IMATOME–YUN, et al.        Case No.  8:24–cv–02690–FWS–KES

12      Plaintiff(s) ,

13              v.                   **CIVIL STANDING ORDER**

14  TESLA, INC., et al.

15      Defendant(s).

16

17

18

19

20  **PLEASE READ THIS ORDER CAREFULLY. IT GOVERNS THIS**

21  **CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

22      This action has been assigned to Judge Fred W. Slaughter. Both the court and

23  all counsel bear responsibility for the progress of litigation in this court. "Counsel,"

24  as used in this Order, includes parties appearing *pro se*.[1] To secure the just, speedy,

25

26  _____

27  [1]   This Court does not exempt parties appearing *pro se* from compliance with the
    Federal Rules of Civil Procedure or the Local Rules. *See* Local Rules 1-3 and 83-

28  2.2.3.

1 and inexpensive determination of every action, all counsel are ordered to

2 familiarize themselves and comply with the Federal Rules of Civil Procedure and

3 the Local Rules of the Central District of California. *See* Fed. R. Civ. P. 1.

4    **UNLESS THE COURT ORDERS OTHERWISE, THE FOLLOWING**

5 **RULES APPLY.**

6    **I.**  **Service of the Complaint**

7    Plaintiff shall promptly serve the complaint in accordance with Federal Rule

8 of Civil Procedure 4 and shall comply with Federal Rule of Civil Procedure 4(l)

9 and Local Rule 5-3 with respect to all proofs of service. Any defendant, including

10 any "Doe" or fictitiously named defendant, not served within 90 days after the

11 case is filed will be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

12   **II.**  **Removed Actions**

13   Any Answers filed in state court must be refiled in this court as a supplement

14 to the Notice of Removal. Any pending motions must be re-noticed in accordance

15 with Local Rule 7. If an action removed to this court contains a form pleading, e.g.,

16 a pleading in which boxes are checked, the party or parties that filed the form

17 pleading must file in this court within thirty (30) days of receipt of the Notice of

18 Removal a revised pleading that complies with Federal Rules of Civil Procedure 7,

19 7.1, 8, 9, 10 and 11. An amended complaint filed within 30 days after removal to

20 replace a form complaint pursuant to this instruction shall be deemed an amended

21 complaint with "the court's leave" pursuant to Federal Rule of Civil Procedure

22 15(a)(2).

23   **III.**  **Presence of Lead Counsel**

24   Lead trial counsel shall attend any proceeding before this court, including all

25 Scheduling, Pretrial, and Settlement Conferences. In an effort to provide more

26 experience to the next generation of practitioners, the court encourages lead counsel

27 to permit junior counsel to fully participate in court proceedings, including to argue

28 motions and to examine witnesses at trial.

## IV.  <u>Calendar Conflicts</u>

Counsel shall notify both of the Judges' courtroom deputies at least three (3) days in advance. Counsel should defer to the most senior of the judges. A priority before that Judge should be requested.

A "Notice of Unavailability" has no legal effect and should not be filed.

## V.  <u>Scheduling Conference and Rule 26(f) Meeting of Counsel</u>

Pursuant to Federal Rules of Civil Procedure 16(b) and 26(f), the court will issue an Order Setting a Scheduling Conference. Counsel shall meet no later than twenty-one (21) days prior to the court-ordered Scheduling Conference pursuant to Federal Rule of Civil Procedure 26(f) and applicable Local Rules. This meeting may occur telephonically and need not occur in person. A written exchange of correspondence will not satisfy this requirement.

## VI.  <u>Joint Rule 26(f) Report</u>

Unless otherwise ordered, no later than fourteen (14) days before the Scheduling Conference, counsel shall file a Joint Rule 26(f) Report. A Joint Rule 26(f) Report which is not timely filed or does not conform with this Order, Federal Rule of Civil Procedure 26(f), and/or applicable Local Rules will interfere with preparation by the court and its staff and may result in the assessment of sanctions, including dismissal. The Joint Rule 26(f) Report shall address the matters set forth in Federal Rule of Civil Procedure 26(f), as well as those enumerated in the court's Order Setting Scheduling Conference.

## VII.  <u>Discovery</u>

All discovery matters have been referred to a Magistrate Judge, who will hear all discovery disputes. The Magistrate Judge's initials follow the District Judge's initials next to the case number. All discovery documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Please do not deliver courtesy copies of discovery documents to Judge Slaughter's chambers.

Counsel must follow the Magistrate Judge's procedures for scheduling matters

1    for hearing. These procedures are stated on each Magistrate Judge's webpage.

2         In accordance with 28 U.S.C. § 636(b)(1)(A), the Magistrate Judge's decision

3    shall be final, and this court will not reverse any order of the Magistrate Judge

4    unless it has been shown that the Magistrate Judge's order is clearly erroneous and

5    contrary to law. Any party may file and serve a motion for review and

6    reconsideration before this court. *See* Local Rule 72-2. The moving party must

7    file and serve the motion within fourteen (14) days of service of a written ruling

8    or an oral ruling that the Magistrate Judge states will not be followed by a written

9    ruling. The motion must specify which portions of the ruling are clearly erroneous

10   and contrary to law, and the claim must be supported by points and authorities.

11   Counsel shall provide the Magistrate Judge's chambers copies of the moving

12   papers and responses.

13   **VIII.   Motions – General Requirements**

14        **a.   Pre-Filing Meet and Confer Requirement**

15        Counsel should take note of Local Rule 7-3, which requires "counsel

16   contemplating the filing of any motion" to "first contact opposing counsel to

17   discuss thoroughly, preferably in person, the substance of the contemplated motion

18   and any potential resolution." Counsel shall discuss the issues sufficiently such

19   that if a motion is still necessary, the briefing may be directed to those substantive

20   issues requiring resolution by the court. Counsel shall resolve minor procedural

21   or other non-substantive matters during the conference. The notice of motion or

22   other request must include a statement of compliance with Local Rule 7-3. The

23   court may strike, outright deny a motion or order other relief, including sanctions,

24   if counsel fails to meet and confer in good faith. This requirement applies even to

25   self-represented parties; there is no exception to this rule for parties who appear

26   *pro se*. Nor are there any exceptions to this rule for futility or redundancy.

27        **b.   Time for Filing and Hearing Motions**

28        Motions shall be filed in accordance with Local Rule 7. This court hears

motions on Thursdays, beginning at 10:00 a.m. If Thursday is a court holiday, motions will be heard on the next Thursday. Counsel shall not contact the Courtroom Deputy to clear or reserve a civil motion hearing date. A list of closed dates is located on Judge Slaughter's webpage.

### c.  Length and Format of Motion Papers

Pursuant to Local Rule 11-6, absent leave of court Memoranda of Points and Authorities in support of or in opposition to motions shall not exceed 7,000 words, including headings, footnotes, and quotations but excluding the caption, the table of contents, the table of authorities, the signature block, the certification required by L.R. 11-6.2, and any indices and exhibits. Only for good cause shown will the court grant an application to extend these page limitations. Pursuant to Local Rule 11-8, all Memoranda of Points and Authorities exceeding ten (10) pages must be accompanied by a Table of Authorities and a Table of Contents. All briefing must use Times New Roman font. Text must be no less than fourteen (14) point font; footnotes shall be in the same font and the same size as the body of the memorandum.

Counsel shall adhere to Local Rule 5-4.3 with respect to the conversion of all documents to .pdf format so that when a document is electronically filed, it is in proper size and is .pdf searchable. Further, all documents shall be filed in a format so that text can be selected, copied, and pasted directly from the document. *See* Local Rule 5-4.3.1.

All documents–including pleadings, motions, and exhibits–submitted to the court must be text-searchable (i.e., "OCR'd").

### d.  Documents with Declarations, Exhibits, and Other Attachments

If a filed or lodged document has declarations, exhibits, or other attachments, each attachment must be filed as a separately-docketed attachment to the main docket entry with a description of the attachment (e.g., Dkt. 20-1 Declaration of Joe Smith; Dkt. 20-2 Ex. 1 - License Agreement; Dkt. 29-3 Evidentiary

Objections). The court may strike or decline to consider motions, stipulations, or other documents with attachments that are not filed in accordance with this Order.

### e.   Citations to Case Law

Citations to case law must identify the case cited and the specific page referenced. For example, if a quotation is presented, the associated page citation shall be provided. Similarly, if a case is cited in support of a proposition based on language in the opinion, the page on which such language appears shall be provided. Bluebook style is required.

### f.   Citations to Other Sources

Statutory references must identify with specificity the sections and subsections referenced. Citations to treatises, manuals, and other materials should include the volume, section, and pages being referenced. Citations to prior filings in the same action shall include the docket entry number, section, and pages referenced. Bluebook style is required.

### g.   Oral Argument

If the court deems a matter appropriate for decision without oral argument, the court will take the matter under submission and notify the parties before the hearing.

### h.   Artificial Intelligence

Any party who uses generative artificial intelligence (such as ChatGPT, Harvey, CoCounsel, or Google Bard) to generate any portion of a motion, brief, pleading, or other filing must attach to the filing a separate declaration disclosing the use of artificial intelligence and certifying that the filer has reviewed the source material and verified that the artificially generated content is accurate and complies with the filer's Rule 11 obligations.

## IX.   Motions – Specific Requirements

### a.   Motions Pursuant to Federal Rule of Civil Procedure 12

Many motions to dismiss or strike can be avoided if the parties confer in good

1    faith as required by Local Rule 7-3, especially for perceived defects in a complaint,

2    answer, or counterclaim that can be corrected by amendment. *C.f. Polich v.*

3    *Burlington Northern, Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991) (noting that where

4    a motion to dismiss is granted, a district court should grant leave to amend unless it

5    is clear the complaint cannot be saved by amendment). Moreover, a party has the

6    right to amend the complaint "once as a matter of course at any time before a

7    responsive pleading is served." Fed. R. Civ. P. 15(a). Even after a complaint has

8    been amended or a responsive pleading has been served, the Federal Rules of Civil

9    Procedure provide that leave to amend should be "freely given when justice so

10    requires." Fed. R. Civ. P. 15(a). The Ninth Circuit requires that this policy favoring

11    amendment be applied with "extreme liberality." *Morongo Band of Mission Indians*

12    *v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

13         Consequently, parties should carefully consider and weigh an opponent's

14    contentions as to the deficiencies in a pleading. The court expects that, in most

15    instances, the parties will agree to any amendment that would cure the defect.

16         **b.   Motions to Amend**

17         In addition to the requirements of Local Rule 15-1, all motions to amend

18    pleadings shall: (1) state the effect of the amendment; (2) be serially numbered to

19    differentiate the amendment from previous amendments (i.e., "First Amended

20    Complaint," "Second Amended Complaint"); and (3) identify the pages, line

21    numbers, and wording of any proposed change or addition of material.

22         Counsel shall electronically file a "Notice of Lodging" attaching the proposed

23    amended pleading as a document separate from the motion, as well as a "redlined"

24    version of the proposed amended pleading identifying all additions and deletions

25    of material as an appendix to the moving papers. Before a motion to amend is filed,

26    the redlined version also must be delivered to opposing counsel at least two hours

27    in advance of the Local Rule 7-3 conference; and if the plaintiff later changes the

28    delivered version, counsel will be required to meet again about the revised pleading.

### c. Motions *in Limine*

Motions *in limine* shall be filed and noticed for a hearing in accordance with the court's Scheduling Order. In no case shall any motion *in limine* be noticed hearing date later than the Final Pretrial Conference.

### d. Motions for Class Certification

If this action is a putative class action, the parties are to act diligently and begin discovery immediately, so that the motion for class certification can be filed expeditiously. Parties are advised to refer to the court's Order Setting Scheduling Conference for additional guidance as to the filing and timing of motions for class certification.

### e. Motions for Default Judgment

Unless the court orders otherwise, motions for default judgment shall be filed within 14 days after the later of (1) entry of default against the last remaining defendant or (2) resolution of all claims against all defendants who have not defaulted. The motion must include a showing of both subject-matter and personal jurisdiction. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). A plaintiff who moves for default judgment and wishes to seek attorney's fees and and costs must include in the motion a properly supported request for attorney's fees and costs together with the motion for default judgment. Failure to do so will result in the striking of any subsequent motion for attorney's fees and costs absent a showing of good cause. The court may vacate the hearing on a motion for default judgment if no opposition is timely filed, and the notice of motion should so state. Unless the court orders otherwise, the movant must appear at the motion hearing prepared to argue the motion and respond to any tentative opinion even in the absence of an opposition.

### f. Motions for Summary Judgment

No party may file more than one motion pursuant to Federal Rule of Civil Procedure 56, regardless of whether such motion is denominated a motion for

summary judgment or summary adjudication, without leave of court. If a party believes this is one of the rare instances in which good cause exists for more than one motion for summary judgment or to increase page limits, the party shall seek leave by noticed motion setting forth a detailed showing of good cause. Pursuant to Federal Rule of Civil Procedure 56(f), when appropriate, based on undisputed facts and controlling principles of law, the court may *sua sponte* enter summary judgment in favor of the non-moving party.

Also, the court will not entertain cross-motions that seek to adjudicate the same legal issues. If parties wish to cross-move for summary judgment, their counsel shall meet and confer to determine which party will move and which will oppose the one motion for summary judgment.

Parties need not wait until the motion cutoff date to bring motions for summary judgment or partial summary judgment. The hearing on any such motion shall be set for a date in advance of the last date to hear motions as stated in the court's Scheduling Order. This court requires an extended briefing schedule for motions for summary judgment, as set forth below:

- Motions for Summary Judgment: Must be filed at least forty-two (42) days before the noticed hearing date.
- Opposition: Must be filed twenty-eight (28) days before the noticed hearing date.
- Reply: Must be filed twenty-one (21) days before the noticed hearing date.

The above briefing schedule is the default. The parties may stipulate to a modified schedule that is reasonable for all parties, subject to court approval. Any briefing schedule must provide the court at least twenty-one (21) days between the reply deadline and the hearing date.

The parties should prepare papers in a fashion that will assist the court in processing and analyzing the volume of material (e.g., tables of contents, headings,

1 indices, bookmarks in electronic documents, pinpoint citations, etc.). Additionally,

2 parties should submit a courtesy copy of the motion and related papers to Judge

3 Slaughter's chambers copy box, located on the 10th floor of the Ronald Reagan

4 Federal Building and United States Courthouse in Santa Ana. The parties shall

5 comply with Local Rules 56-1 and 56-2, in addition to the court's additional

6 requirements described below.

7 **i.    Statements of Uncontroverted Facts and Genuine Disputes**

8 The separate statement of uncontroverted facts, statement of genuine disputes

9 of material fact, and response to statement of genuine disputes of material fact shall

10 be prepared in accordance with Local Rules 56-1–56-3. The factual statements

11 should be set forth in sequentially numbered paragraphs. Each paragraph should

12 contain a narrowly focused statement of fact. Each numbered paragraph should

13 address a single subject as concisely as possible. Do not include legal argument in

14 this document. The opposing party may dispute all or only a portion of the

15 statement, but if disputing only a portion, the document must clearly indicate

16 what part is being disputed. The court will not wade through a document to

17 determine whether a fact really is in dispute.

18 The opposing party may submit additional material facts that bear on the

19 issues raised by the movant. The additional facts shall follow the format of the

20 moving party's separate statement and shall continue in sequentially numbered

21 paragraphs.

22 **ii.    Supporting Evidence**

23 No party shall submit evidence other than the specific items of evidence or

24 testimony necessary to support or controvert a proposed statement of undisputed

25 fact. For example, entire deposition transcripts, entire sets of interrogatory

26 responses, and documents that do not specifically support or controvert material

27 in the separate statement shall not be submitted in support of or in opposition to

28 a motion for summary judgment.

Evidence submitted in support of or in opposition to a motion for summary judgment should be submitted either by way of stipulation or as exhibits to declarations sufficient to authenticate the proffered evidence and should not be attached to the memorandum of points and authorities. Documentary evidence for which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or properly authenticated deposition transcript, of a witness who can establish authenticity.

### iii.    Objections to Evidence

If a party disputes a fact based in whole or in part on an evidentiary objection, the ground for the objection should be stated succinctly in a separate statement of evidentiary objections in a two column format. The left column should identify the items objected to (including page and line number if applicable) and the right column should set forth a concise objection (e.g., hearsay, lack of foundation, etc.) with a citation to the Federal Rules of Evidence or, where applicable, a case citation. A proposed order shall be filed and attached to the evidentiary objections as a separate document in Word-processing format consistent with Local Rule 52-4.1 and emailed directly to the court's chambers email address at FWS_Chambers@cacd.uscourts.gov.

### g.    Motions for Attorneys' Fees

Motions for attorneys' fees shall be electronically filed and set for hearing according to Local Rule 6-1 and this Order. Any motion or request for attorneys' fees shall attach two summaries, in table form, of the hours worked by and billing rate of each attorney with title (e.g., partner, counsel, associate, etc.).

The first table shall include a summary of the hours worked by each attorney, organized by task (e.g., discovery, motion to dismiss, motion for summary judgment). The second table shall include a summary of the hours worked by each attorney, organized by attorney. Both tables shall list all the tasks on which the attorney worked, the hours worked on each task, and the hourly rate of each

1   attorney. If the hourly rate charged by any individual attorney changed while the

2   action was ongoing, the party shall provide separate calculations for the total

3   number of hours the attorney spent in connection with each task at each hourly rate.

4       All tables shall be attached to the motion and electronically filed. The courtesy

5   copies of the tables shall be prepared in Excel, have all restrictions removed so the

6   spreadsheets can be edited, and be emailed to the court's chambers email address

7   at FWS_Chambers@cacd.uscourts.gov.

8       **h.   Under Seal Filings**

9       Local Rule 79-5 governs applications to file documents under seal. Local Rule

10  79-5.2.2 explains how to apply to file under seal and how to proceed if leave is

11  granted. Parties must comply with all provisions of Local Rule 79-5.

12      There is a strong presumption of public access in civil actions. *Foltz v. State*

13  *Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). For each document

14  or other type of information a party seeks to file under seal, the party must identify

15  and discuss the factual and/or legal justification that establishes "good cause" or

16  "compelling reasons" for the information to be protected. *Kamakana v. City and*

17  *Cnty. of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

18      Documents that are not confidential or privileged in their entirety should not

19  be filed under seal if the confidential portions can be redacted and filed separately

20  with a reasonable amount of effort. The parties should file a complete version of

21  the documents under seal and a redacted version for public viewing, omitting only

22  the portions that the Court has authorized to be filed under seal.

23      Sealing must be justified for each individual item–blanket claims of

24  confidentiality will result in the application to seal being denied. Counsel are

25  strongly encouraged to consider carefully whether sealing or redaction is absolutely

26  required for a given piece of evidence or argument. An application to seal that

27  includes meritless requests to seal or redact documents will be denied. The parties

28  also must meet and confer before filing an application to seal.

## X. **Proposed Orders**

Each party filing or opposing a motion or seeking the determination of any matter shall file, serve, and electronically lodge a proposed order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations. The court requires strict compliance with Local Rule 5-4.4.2, which states that "a Microsoft Word copy of the proposed document, along with a PDF copy of the electronically filed main document, shall be e-mailed to the assigned judge's generic chambers e-mail address," which for this court is FWS_Chambers@cacd.uscourts.gov. The court will not consider a motion, stipulation, *ex parte* application, or other request for relief unless a compliant proposed order is received by email. A filing may be stricken for failure to timely comply.

## XI. **Chambers Courtesy Copies**

Mandatory chambers copies of the following e-filed documents shall be delivered to Judge Slaughter's chambers copy box on the 10th Floor of the Ronald Reagan Federal Building and United States Courthouse in Santa Ana or sent via overnight mail: all motions and related documents (oppositions, replies, exhibits); *ex parte* applications (excluding *pro hac vice* applications) and related documents (oppositions and exhibits); and all pretrial documents.

Mandatory chambers copies must be delivered by noon following the date of filing as required by Local Rule 5-4.5.

Mandatory chambers copies of sealed documents shall be delivered to the Clerk's Office Intake window, to be placed in the court's internal mail box. If the mandatory chambers copy of a document is an inch or more thick, the filing party should place the court's copy in a three-ring binder (no blue backing is required).

## XII. ***Ex Parte* Applications**

*Ex parte* applications are solely for extraordinary relief. To justify *ex parte* relief, there must be a showing of irreparable prejudice and that the moving party is

without fault, or that the crisis occurred as a result of excusable neglect. *See*

*Mission Power Engineering Co. v. Continental Casualty Co*., 883 F. Supp. 488,

492-93 (C. D. Cal. 1995).

The court directs counsel's attention to Local Rule 7-19. The court considers *ex parte* applications on the papers. Accordingly, counsel need not set *ex parte* applications for a hearing date. The other parties' opposition, or notice of non-opposition to an *ex parte* application is due 24 hours after the other parties' receipt of the *ex parte* application, or within 24 hours after the *ex parte* application is filed, whichever is earlier.

## XIII.  Injunctions and Restraining Orders

Parties seeking preliminary or emergency injunctive relief must comply with Federal Rule of Civil Procedure 65 and Local Rule 65. Applications for a Temporary Restraining Order ("TRO") are also governed by Local Rule 7-19, which applies to *ex parte* applications. Thus, oppositions to Applications for a TRO must be filed within 24 hours following service of the Application or filing of the Application, whichever is earlier. The court will not rule on any Application for a TRO for at least 24 hours after the party subject to the requested order has been served, unless notice is excused as per Federal Rule of Civil Procedure 65(b), or unless the interests of justice so require. The Parties must provide chambers copies of TRO-related documents on the same day they are filed.

## XIV.  Continuances

Continuances are granted only on a showing of good cause. *See* Fed. R. Civ. P. 16(b)(4). Requests for continuances must be by stipulation, motion or *ex parte* application and must be accompanied by a declaration setting forth the reasons for the requested continuance. The declaration also should include whether there have been any previous requests for continuances and whether these requests were granted or denied by the court. *See* Local Rule 40-1 Stipulations extending dates set by this court are not effective unless approved by the court.

The court's determination of whether good cause has been shown focuses upon evidence of diligence by the party or parties seeking a continuance and on the potential for prejudice that might result from a denial of the continuance. *See* Fed. R. Civ. P. 16(b)(4); *Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (C.D. Cal. 2003).

## XV.  **Communications with Chambers**

Counsel must not attempt to contact the court or chambers staff by email, telephone, or by any other *ex parte* means. Counsel must not contact the Courtroom Deputy regarding the status of any matter before the court or seek any legal advice. Nor should counsel contact the Courtroom Deputy to inquire about court procedure when the answer is readily available by consulting the Federal Rules of Civil Procedure, the Local Rules, or the court's standing orders. Calls or emails regarding the status of submitted motions, stipulations, or proposed orders will not be returned. Counsel may determine the status of any submitted motion, stipulation, or proposed order by accessing the docket sheet through PACER, which can be accessed via the Central District of California's website. Counsel may, for appropriate matters only, contact the Courtroom Deputy via the court's chambers email at FWS_Chambers@cacd.uscourts.gov. Any appropriate inquiry directed to the Courtroom Deputy must be by email with a copy to counsel for all parties. Counsel must include on all papers their email address, telephone number, and fax number to facilitate communication with the Courtroom Deputy.

## XVI.  **Guidance for *Pro Se* Litigants**

Parties who represent themselves in civil litigation (i.e., appear *pro se*), should be aware that the court holds these parties to the same standards of conduct to which it holds attorneys. The following links may be helpful to those representing themselves in civil matters:

- General information on how parties may represent themselves in civil cases in the Central District of California can be found at

https://prose.cacd.uscourts.gov/.

- Local Civil Rules for the Central District of California can be found at

    http://www.cacd.uscourts.gov/court-procedures/local-rules

- Federal Rules of Civil Procedure can be found at

    https://www.law.cornell.edu/rules/frcp.

Only individuals may represent themselves. A corporation or other entity must be represented by counsel, and if counsel seeks to withdraw, counsel must advise the entity of the dire consequences of failing to obtain substitute counsel before seeking withdrawal–i.e., a plaintiff entity's case will be dismissed or a defendant entity will default. *See* C.D. Cal. L.R. 83-2.3.4.

## XVII.  Order Setting Scheduling Conference

Pursuant to Federal Rules of Civil Procedure 16(b) and 26(f), the court will issue an Order setting a Scheduling Conference. The parties must strictly comply with Federal Rules of Civil Procedure 16 and 26, and Local Rule 26. Absent a showing of good cause, the parties must propose a trial date that is within 18 months of the filing of the complaint.

## XVIII.  Settlement Conference and Alternative Dispute Resolution (ADR)

As stated in Local Rule 16-15, the parties in every case must participate in a Settlement Conference or Alternative Dispute Resolution ("ADR") procedure. The court will not hold a final pretrial conference or convene any trial unless and until all parties, including the principals of all corporate parties, have completed ADR.

This court participates in the Court-Directed ADR Program whereby the court refers the parties to the magistrate judge, the Court Mediation Panel, or to private mediation. *See* General Order 11-10, § 5.1. If a Notice to Parties of Court-Directed ADR Program (form ADR-08) has been filed in this case, counsel must furnish and discuss it with their clients in preparation for the Federal Rule of Civil Procedure 26(f) conference. In their Joint Rule 26(f) Report, counsel should indicate their preferred ADR procedure. The court will refer the case to a procedure at the

1    initial scheduling conference. More information about the court's ADR Program,

2    the Mediation Panel, and mediator profiles is available on the court's website.

3    **XIX.  Notice of This Order**

4        Counsel for Plaintiff shall immediately serve this Order on all parties,

5    including any new parties to the action. If this case came to the court by noticed

6    removal, the Defendant shall serve this Order on all other parties.

7

8

9        IT IS SO ORDERED.

10

11   Dated: December 20, 2024

12                                          _____

13                                          HONORABLE FRED W. SLAUGHTER
                                            UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28