BOWMAN AND BROOKE LLP
James W. Halbrooks, Jr. (SBN: 202059)
james.halbrooks@bowmanandbrooke.com
Anthony J. Parascandola (SBN: 140217)
tony.parascandola@bowmanandbrooke.com
Samuel J. Galvin (SBN: 336930)
Samuel.galvin@bowmanandbrooke.com
970 West 190th Street, Suite 700
Torrance, CA 90502

TESLA, INC.
Franklin P. Brannen, Jr. (*pro hac vice* forthcoming)
fbrannen@tesla.com
Jordan Baehr – (SBN: 354575)
jbaeher@tesla.com
3000 Hanover St
Palo Alto, CA 94304-1112

Attorneys for TESLA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAOMI IMATOME-YUN, EZEKIEL YUN and LUCAS YUN<br><br>Plaintiffs,<br><br>v.<br><br>TESLA, INC., and DOES 1 through 20,<br><br>Defendant. | CASE NO. 8:24-cv-02690-CV-KES<br><br>[~~PROPOSED~~] INTERIM STIPULATED PROTECTIVE ORDER<br><br><br>Date Filed:   July 1, 2024 Date Served:  October 25, 2024 |

WHEREAS the Plaintiff(s) and Defendant Tesla, Inc. (collectively "the Parties" and individually "Party") wish to engage in discovery, including production of confidential business information, trade secret or proprietary information and other materials in the above-entitled action ("the Action")[1];

---

[1] Nothing in this Protective Order purports to impose obligations upon, or to restrict the conduct of, the Court or its personnel.  This Protective Order governs the conduct of the Parties and any non-parties (other than Court personnel) who receive Covered Information from the Parties in connection with this litigation.  This scope clarification applies to the entire Order, whether or not specifically noted.

**[PROPOSED] INTERIM STIPULATED PROTECTIVE ORDER**

33030896v3

WHEREAS the Parties are in agreement for an Interim Protective Order to be entered by the Court based upon the stipulation below:

NOW, THEREFORE, in order to protect such information, as may be entitled to protection, and which is or may be requested and produced in connection with this case including documents, deposition testimony, deposition exhibits, interrogatory responses, responses to request for admission, responses to request for production of documents, and all other discovery obtained in connection with this Action ("Discovery Material"), the Parties, by and through their respective undersigned counsel and subject to the approval of the Court, agree as follows:

**I.    DESIGNATION OF MATERIAL AS "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL"**

1.    The Parties agree to take care to limit any designation to specific material that qualifies under the appropriate standards below. The designating Party must designate for protection only those parts of the material, documents, items, or oral or written communications that qualify.

2.    Any Party or non-party ("Producing Party") may designate Discovery Material as "Confidential" or "Highly Confidential" (hereinafter referred to collectively as "Covered Information") under the terms of this Protective Order if the Producing Party in good faith reasonably believes that such "Covered Information" meets the criteria set forth below.

a.    **Confidential Information.** For purposes of this Protective Order, Confidential Information is defined as information (regardless of how it is stored or maintained) or tangible things that qualify for protection under Federal Rules of Civil Procedure 26(c), which includes information that a Producing Party believes in good faith to be confidential business or financial information including (i) business plans; (ii) operational data; (iii) competitive analysis; (iv) non-public technical information; (v) non-public communications with United States and foreign patent offices; (vi) non-public communications with United States or foreign regulatory agencies; (vii) financial information and customer information; (viii) Tesla current/former employee personal

2

**[PROPOSED] INTERIM STIPULATED PROTECTIVE ORDER**

33030896v3

identifying information; and (ix) development, design, and testing of Tesla systems, components, or vehicles, that at the time of the designation as Confidential Information does not fall under the more restrictive criteria of Highly Confidential Information.

        b.    **Highly Confidential Information.** For purposes of this Protective Order, Highly Confidential Information includes Confidential Information that contains highly sensitive competitive trade secrets, confidential business, technical, design, development and/or proprietary information that warrants the highest level of confidentiality the disclosure of which will be detrimental to the Producing Party's business and will place the Producing Party at a competitive disadvantage.

        c.    Other than marking the specific document or documents "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", the Producing Party represents that a document is a true and correct copy of the original.

3. In no instance may any person or entity to whom disclosure of Covered Information is authorized remove or obscure portions of, or otherwise modify a document or other Covered Information in a manner that either removes an assigned Bates Number and/or confidential designation unless doing so cannot be prevented when such a document is enlarged or copied. Any and all of the following must be marked with the appropriate confidential designation: (1) any information copied or extracted from Covered Information; and (2) all copies, excerpts, summaries, or compilations of Covered Information.

4. Copies of discovery responses and documents containing Covered Information shall not be filed with the Court, except in accordance with Paragraph 5.

5. In connection with any discovery motions or pre-trial proceedings as to which a Party submits Covered Information, the Parties shall comply with the Federal Rules of Civil Procedure and the Central District of California Local Rule 79-5.2 governing applications to file documents under seal. Covered Information may be filed under seal only upon a submission that complies with Local Rule 79-5.2 and only upon entry of an order authorizing the sealing. All sealing applications shall be filed electronically in

3

**[PROPOSED] INTERIM STIPULATED PROTECTIVE ORDER**

33030896v3

accordance with the Court's Local Rules; the outdated procedures for paper-filed sealed envelopes do not apply.

6. The designation of Covered Information in a document or discovery response shall be made by labeling each page containing Covered Information with the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in one or more margins of the page. Where a document or response consists of more than one page not all of which contain Covered Information, at minimum the first page shall also be so labeled. In the case of information disclosed as a native file, the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" label shall be affixed on a slip sheet identifying the control number of the document, as well as part of the file name. Information disclosed in or by a non-paper medium (*e.g.*, video/audio media (tape, CD, thumb drive, external hard drive) or other electronic or tangible thing), shall have a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" label affixed to the outside of the medium or its container, so as to clearly give notice of the designation. The Parties shall not modify the file name in order to ensure anyone receiving or having access to the Covered Information is aware of its status as such.

7. Inadvertent or unintentional production of documents or information containing Covered Information that should have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not be deemed a waiver in whole or in part of a Party's claims of confidentiality and will be deemed Covered Information upon notice to all parties receiving such inadvertent or unintentional production. The Producing Party may replace ("claw-back") the information with appropriate designations and the Parties must return and/or destroy the information without a designation within five (5) days of receipt of the properly designated version.

8. Any notes, lists memoranda, indices, compilations, electronically stored information, reports, records, and documents prepared or based on an examination of Covered Information and any summaries of Covered Information which quote from, identify, or refer to the Covered Information with such specificity that the Covered

4

**[PROPOSED] INTERIM STIPULATED PROTECTIVE ORDER**

33030896v3

Information can be identified, or by reasonable logical extension can be identified, shall be accorded the same status of confidentiality as the underlying Covered Information from which they are made, shall be labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate for the information on which the material is based, and shall be subject to all of the terms of this Protective Order.

9. A Producing Party may designate information disclosed during a deposition as Confidential Information or Highly Confidential Information by so indicating on the record at the deposition and also thereafter by identifying the specific testimony and its page and line number and the reason why it should be regarded as Confidential Information or Highly Confidential Information. The specific testimony so designated must be done in writing no later than 30 days after notice of completion of the deposition transcript has been provided by the court reporting firm and/or the specific court reporter. A Producing Party may designate the entire deposition as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" if the scope of the witness's testimony and/or the content of the exhibits, in large part, comprise Confidential Information and/or Highly Confidential Information. Any Party opposing such designation may identify the challenged testimony by page and line, and the dispute will be handled as proscribed in Paragraphs 12 and 13. The Court Reporter shall operate in a manner consistent with this Protective Order and separately label the confidential portions of the deposition transcript, including documents and other exhibits containing the Covered Information as Confidential Information or Highly Confidential Information. The Covered Information shall be separately bound. Those pages in any transcript referring to Covered Information shall include a stamp identifying all such pages as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Failure of the Court Reporter to operate in this manner shall not constitute a waiver by the Producing Party as to the status of the testimony as Covered Information.

10. Deposition testimony or information disclosed during the deposition that is not designated as Covered Information at the deposition may be so designated by a Producing Party within thirty (30) court days of receipt of the deposition transcript, by giving written

**[PROPOSED] INTERIM STIPULATED PROTECTIVE ORDER**
33030896v3

notice to all Parties of the page and line numbers where the newly designated information appears on the rough deposition transcript. All rough or final deposition transcripts shall be treated as Covered Information until thirty (30) court days after receipt of the final deposition transcript from the court reporter.  Should a pending motion or procedural requirement necessitate an earlier date, the Parties shall meet and confer as to a reasonable date for provision of the confidentiality designation notice.

11.    Any non-party producing documents in this Action may obtain the protections of this Protective Order by consenting to the jurisdiction of this Court solely with regard to the production of its or their documents by designating any discovery in accordance with the provisions of this Protective Order.  Such designation shall confer upon the non-party all of the rights and obligations of a designating Party as set forth herein. Non-parties are not entitled to receipt or review of Covered Information produced by any other Producing Party unless all Parties agree in writing, and the non-party also executes Exhibit A prior to receipt or review of the Covered Information.

**II.    CHALLENGING DESIGNATION OF "CONFIDENTIAL INFORMATION" OR "HIGHLY CONFIDENTIAL INFORMATION"**

12.    If a Party contends that any material is not entitled to confidential treatment, they may challenge a confidentiality designation at any time.  Any such challenge shall be brought within a reasonable time after the basis for the challenge becomes known or reasonably should have become known, and the challenges shall be made in good faith. The Challenging Party shall initiate the dispute-resolution process by providing written notice identifying the challenged material (by Bates number or testimony reference, or other means) and stating the basis for the challenge.  The Parties agree that all challenges shall be made in good faith.

The Parties shall meet and confer in good faith pursuant to Local Rule 37-1.  If the Parties cannot resolve the dispute, any motion regarding the designation must comply with Local Rule 37-2 et seq. (including the joint stipulation requirement) or with Judge Scott's Informal Discovery Conference procedures, as set forth on the Court's website.

**[PROPOSED] INTERIM STIPULATED PROTECTIVE ORDER**

33030896v3

Until the Court rules on any challenge, the material shall continue to be treated according to its existing confidentiality designation..

13.   Notwithstanding any challenge to the designation of material as Covered Information as described in Paragraph 12, all documents shall be treated as designated and shall be subject to the provisions hereof unless and until one of the following occurs:

a.   the Producing Party who claims that the material is Covered Information withdraws such designation in writing; or

b.   the Producing Party who claims that the material is Covered Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

c.   the Court rules the material is not Confidential Information or Highly Confidential Information.

## III.   USE OF AND ACCESS TO "CONFIDENTIAL INFORMATION" AND "HIGHLY CONFIDENTIAL INFORMATION"

14.   Confidential Information and Highly Confidential Information may only be used for the purpose of the above-captioned litigation and shall not be used for any business, commercial, competitive, personal, or other purpose. The Parties, their counsel, and any individuals to whom they disclose Covered Information under this Protective Order shall not, under any circumstances sell, offer for sale, advertise, make available for download or copying, or publicize Covered Information or any information contained therein on any document sharing software, database or platform, nor publicize their possession of, receipt of, or familiarity with Covered Information.

15.   Confidential Information may only be disclosed to the following persons:

a.   The Court, including attorneys, employees, presiding judges, magistrate judges, secretaries, special masters, stenographic reporters, staff, transcribers and all other personnel necessary to assist the Court in its function, and the jury.
/ / /

7
**[PROPOSED] INTERIM STIPULATED PROTECTIVE ORDER**

33030896v3

Nothing in this paragraph purports to limit the access of any Court personnel to materials filed under seal;

b. Mediators or other individuals engaged or consulted in settlement of all or part of this Action, or discovery referees to the extent one or more are engaged in connection with this Action provided they execute Exhibit A;

c. The Parties;

d. Counsel of record for the Parties, and employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

e. Litigation support services, including outside copying services, court reporters, videographers, or electronic discovery vendors, retained in connection with this action by a Party or its counsel;

f. Except persons subject to the limitations set forth in Paragraph 18, any individual expert, consultant, or expert consulting firm retained by counsel of record in connection with this Action, to the extent necessary for the individual expert, consultant, or expert consulting firm to prepare a written opinion, to prepare to testify, or to assist counsel of record in the prosecution or defense of this Action, provided that: (i) the expert/consultant maintains security of the Confidential Information and limits disclosure of it to only those Designated Expert Personnel to whom disclosure is required for the expert, consultant, or expert consulting firm to complete their work in this Action; and (ii) the Confidential Information disclosed is used solely in connection with this Action;

g. Except persons subject to the limitation set forth in Paragraph 18, any person (i) who created, authored, received, or reviewed such Confidential Information; (ii) is or was a custodian of the Confidential Information; (iii) is identified in Confidential Information; or (iv) is or was an employee of the Producing Party and is reasonably believed to have knowledge of the matters in the Confidential Information, provided any former employee of the Producing Party shall execute Exhibit A pursuant to Paragraph 19(a);

/ / /

**[PROPOSED] INTERIM STIPULATED PROTECTIVE ORDER**

33030896v3

h.    any other person as may be designated by written agreement by the agreement of the parties or by order of the Court, provided that they execute Exhibit A pursuant to Paragraph 19(a).

16.    Highly Confidential Information may only be disclosed to the persons identified in Paragraphs 15(a), and 15(d) to 15(h).

17.    Producing Party may share Covered Information with its own individual experts/consultants or Designated Expert Personnel without requiring compliance with this Protective Order.

18.    Any current owner, director, employee or consultant of any Competitor of Tesla, or any individual or entity engaged in conduct that presents a risk to the security and/or preservation of Tesla's Highly Confidential Information or risk of disclosure thereof, regardless of whether they have previously received, reviewed, or authored the Highly Confidential Information, may not receive, review or have read to them any information that is designated Highly Confidential.  As used herein, "Competitor" includes but is not limited to any individual or entity engaged in the research, development, or design of vehicle or battery systems, components, or technologies, including Advanced Driver Assistance Systems, autonomous vehicles and systems, electric vehicles and components, computer vision technologies, and machine learning and artificial intelligence technologies.

19.    **NON-DISCLOSURE AGREEMENT.** With the exception of those described in paragraphs 15(a), (c), and (d) above, all individuals to whom Confidential Information or Highly Confidential Information is disclosed shall execute a Non-Disclosure Agreement in the form attached as Exhibit A prior to receiving such information, as described below. In the case of an individual expert, consultant, or expert consulting firm described in Paragraph 15(f), the expert/consultant shall sign Exhibit A on their own behalf and on behalf of any Designated Expert Personnel to whom disclosure is required for the expert, consultant, or expert consulting firm to complete their work in this Action.

/ / /

9

**[PROPOSED] INTERIM STIPULATED PROTECTIVE ORDER**

33030896v3

a.      Individuals to whom only Confidential Information is disclosed:

(i)   For individuals other than experts/consultants described in Paragraph 15(f), copies of the executed Exhibit A shall be retained by counsel disclosing Confidential Information and provided to counsel for Producing party at the conclusion of this Action;

(ii) For experts/consultants described in Paragraph 15(f) receiving only Confidential Information, the executed Exhibit A shall be provided to counsel for the Producing Party at the time of expert disclosures for any designated experts, and at the conclusion of this Action for any consultants or experts that were retained but not designated.

b.      Individuals to whom Highly Confidential Information is disclosed:

(i) An Exhibit A executed by any individual to whom a Party intends to disclose Highly Confidential Information must be provided to counsel for the Producing Party at least five (5) court days before any Highly Confidential Information may be disclosed, during which period Producing Party may object to the disclosure of Highly Confidential Information.

(ii) The Parties agree to promptly meet and confer to attempt to resolve in good faith any objection to the disclosure of Highly Confidential Information.  If the Parties are unable to resolve an objection, Producing Party may file a motion seeking a Protective Order with respect to the proposed disclosure within fourteen (14) calendar days of receipt of the Exhibit A, or within such other time the Parties may agree.  Information that is the subject of an objection to disclosure *may not be disclosed* until all objections are resolved by the Parties' agreement or Court order.

20.   **SECURITY OF COVERED INFORMATION.**  Any person in possession of another Party's Covered Information shall: maintain such information in a secure and safe manner including appropriate administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Covered Information against threats or hazards to the security of such Covered Information, and protect against

10
**[PROPOSED] INTERIM STIPULATED PROTECTIVE ORDER**
33030896v3

unauthorized access to Covered Information; shall ensure that access is limited to the persons authorized under this Protective Order; and shall further exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary or privileged information. Covered Information may not be disseminated by email, other non-secured means, or document sharing platforms including Dropbox, Google Drive, OneDrive etc.; a secure FTP site is permitted as is an encrypted, password protected flash drive, but in both instances the password must be separately transmitted to the recipient. The Parties specifically note that this paragraph is subject to the scope clarification set forth in Footnote 1.

21.    Any persons receiving Covered Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein. If a Party or any of its representatives, including counsel, inadvertently discloses any Covered Information to persons who are not authorized to use or possess such material, the Party shall provide immediate written notice of the disclosure including all known relevant information concerning the nature and circumstances of the disclosure to the Party whose material was inadvertently disclosed. The responsible Party shall also promptly take all reasonable measures to ensure that no further or greater unauthorized disclosure or use of such Covered Information is made and shall make reasonable efforts to retrieve all such Covered Information. Each Party shall cooperate in good faith in that effort.  The Parties specifically note that this paragraph is subject to the scope clarification set forth in Footnote 1.

22.    In the event of a remote deposition that is reasonably expected to discuss Covered Information, the Party who would be reasonably expected to designate information Confidential or Highly Confidential may choose the remote deposition platform—such as Microsoft Teams—to ensure the security of the remote deposition.

/ / /

/ / /

11

**[PROPOSED] INTERIM STIPULATED PROTECTIVE ORDER**

33030896v3

## IV.   INADVERTENT FAILURE TO DESIGNATE "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL"

23.   In the event that information is produced by a Producing Party without a Confidential or Highly Confidential designation and then later designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", said information, upon notice of the inadvertent production, all receiving parties shall employ reasonable efforts to ensure that the previously inadvertently non-designated information is subsequently treated as Covered Information pursuant to the terms of this Protective Order.

## V.   PRIVILEGE

24.   If a Producing Party in good faith inadvertently discloses information subject to a claim of attorney-client privilege or work product protection, the disclosure of that information ("Protected Information") shall not constitute or be deemed a waiver or forfeiture of any claim of attorney-client privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the disclosed information and its subject matter unless and until the parties agree otherwise and/ or the court makes a determination that the privilege does not apply or has been waived. This provision is, and shall be construed as, an Order under Federal Rule of Evidence 502(d). Accordingly, as explicitly set forth in Rule 502(d), a Party's production of Protected Information, whether inadvertent or otherwise, is not a waiver of any privilege or protection "in any other federal or state proceeding." With respect to such produced documents, the following procedures shall apply, and the Parties agree that such procedures constitute reasonable and prompt steps to prevent disclosure and to rectify the error of disclosure, pursuant to the Federal Rules of Civil Procedure:

a.   Upon discovering any such apparently inadvertent production, the receiving Party shall promptly notify the Producing Party within fourteen (14) business days of discovery and comply with any reasonable instructions regarding return, destruction, or confidentiality of the Protected Information.  Upon receipt of documents apparently containing Protected Information (or notice of an inadvertent production from

12

**[PROPOSED] INTERIM STIPULATED PROTECTIVE ORDER**

33030896v3

the Producing Party), the Receiving Party shall not use the documents containing Protected Information for any reason, including showing the documents during depositions, submitting or identifying them as exhibits or offering them at trial, nor shall the documents be disclosed to anyone who did not previously have access to them, until a resolution is reached pursuant to subparagraphs (b) and (c) below.

b.      If no dispute exists as to the protected nature of the produced documents, any Party in possession of the documents at issue shall return the materials to the Producing Party, along with any notes or other work product reflecting the contents of such materials. Alternatively, upon request of the Producing Party, the Party discovering the production shall destroy such materials and provide an affidavit to the Producing Party confirming destruction within fifteen (15) days. In either event, all material shall be deleted from any litigation-support or other database, and all copies of the protected documents provided by the Receiving Party to other persons or entities shall be returned or destroyed. If destroyed, the Party that received the materials shall provide an affidavit to the Party that produced the materials confirming destruction within fifteen (15) days. In the event that only portions of the produced documents contain privileged subject matter, the Producing Party shall substitute redacted versions of the documents within ten (10) days of the certification of destruction of the produced documents.

c.      If the Party in possession believes that the documents are not subject to the protections of work product immunity or attorney-client privilege or that any such privilege has been waived, the Party may raise the dispute with the Producing Party. The Parties shall attempt to resolve the dispute in good faith through meet-and-confer procedures in accordance with Local Rule 37-1 or Judge Scott's IDC procedures. If the dispute cannot be resolved, the Party may request relief from the Court by filing a stipulation or motion pursuant to Local Rule 37-1 or the IDC procedures. Any request for in-camera review must: (1) identify each document in dispute; (2) explain the claimed privilege under federal and/or state law; (3) state what information was provided in the privilege log; (4) explain why the opposing Party disputes the designation and why in-

camera review is necessary.  The Court may, at the request of one or both Parties or in its discretion, review a limited set of documents to provide guidance on the application of the privilege or work-product law.

d.       Pursuant to Federal Rule of Evidence 502(d) and (e), the production of any discovery material by any Party shall be without prejudice to any subsequent claim by the Producing Party that such discovery material is privileged or attorney work product, and shall not be deemed a waiver of any such privilege or protection in either the litigation pending before the Court, or any other federal or state proceeding.

## VI.      MISCELLANEOUS TERMS

25.     All provisions of this Protective Order restricting the communication or use of Covered Information shall continue to be binding after the conclusion of this Action, unless otherwise agreed or ordered.

26.     Any witness or other person, firm, or entity from which discovery is sought may be informed of and may obtain the protection of this Protective Order by written advice to the Parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

27.     Any Party, its counsel, or any individuals to whom they disclose Covered Information under this Protective Order shall maintain such documents in a manner that limits access to only those persons authorized under this Protective Order.  The Parties specifically note that this paragraph is subject to the scope clarification set forth in Footnote 1.

28.     The use and presentation of Covered Information at any trial or hearing shall be determined by the presiding judge. The Parties agree to take reasonable steps to maintain the confidentiality of any Covered Information at any hearing or upon trial of this matter in such a manner and until such time as the Court may direct, and/or as the Parties may otherwise agree.

/ / /

/ / /

14
**[PROPOSED] INTERIM STIPULATED PROTECTIVE ORDER**

33030896v3

29.     The terms of this Protective Order do not preclude Tesla, Inc. from providing confidential and/or protected information and documents to the National Highway Traffic Safety Administration ("NHTSA") either voluntarily or in connection with Tesla, Inc.'s obligations under the National Traffic and Motor Vehicle Safety Act of 1966 ("Safety Act"), 49 U.S.C. § 30101, et seq.

30.     The Court retains jurisdiction for six (6) months following the conclusion of this Action to enforce this Protective Order and to make such deletions from or amendments, modifications, and additions to the Protective Order as the Court may from time to time deem appropriate. The Parties hereto reserve all rights to apply to the Court during that period for an order modifying this Protective Order or seeking further protection against disclosure or use of claimed Confidential Information or Highly Confidential Information.

31.     Within 45 days after the conclusion of this Action (entry of final judgment or upon the expiration of the date to file a Notice of Appeal), or as otherwise ordered by the Court all produced documents that contain or reflect Covered Information shall be returned to counsel for the Producing Party and all electronic copies shall be destroyed and deleted from any computers, hard drives, servers, or cloud storage under the control of the Party. The Party and all third parties given the Covered Information will execute Exhibit B and provide a copy of the same to Producing Party certifying compliance with this provision. This paragraph does not impose obligations on the Court or its personnel.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

15

**[PROPOSED] INTERIM STIPULATED PROTECTIVE ORDER**

33030896v3

32. Failure to comply with, or a violation of the terms of this Order, shall be considered a material breach for which an aggrieved Party may seek any and all relief from this Court, including an order enforcing compliance, order of contempt, monetary or other sanctions, and any and all consequential damages, plus punitive damages when a violation is intentional or involved oppression, fraud, or malice. A party who moves to enforce the terms of this Order and is the prevailing party in that motion may be awarded reasonable attorney's fees and costs.

Dated: April 8, 2026                    BOWMAN AND BROOKE LLP

_____
James W. Halbrooks, Jr.
Anthony J. Parascandola
Samuel J. Galvin
ATTORNEYS FOR TESLA, INC.


Dated: April 8, 2026                    BISNAR CHASE LLP


 /s/ Brian Chase_____
Brian Chase
Jake Cohen
ATTORNEYS FOR PLAINTIFFS NAOMI
IMATOME-YUN AND LUCAS YUN



**IT IS SO ORDERED.**


Dated: April 9, 2026            _____
                                Honorable Karen E. Scott

16

**[PROPOSED] INTERIM STIPULATED PROTECTIVE ORDER**

33030896v3

Within thirty (30) days of the termination of this Action, I will execute Exhibit B and provide a signed Certification of Destruction and will return all documents and things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that came into my possession, and all documents and things that I have prepared relating thereto, to counsel for the Party by whom I am employed.

I subject myself to the jurisdiction and venue of this Court for purposes of enforcement of this Protective Order.

_____
*Signature*

_____
*Printed Name*

_____
*Date Executed*

2
**EXHIBIT A TO INTERIM STIPULATED PROTECTIVE ORDER**

33030896v3

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

NAOMI IMATOME-YUN, EZEKIEL YUN and LUCAS YUN

　　　　　　Plaintiffs,

　　　v.

TESLA, INC., and DOES 1 through 20,

　　　　　　Defendant.

CASE NO. 8:24-cv-02690-CVD

**EXHIBIT A TO INTERIM STIPULATED PROTECTIVE ORDER**

Date Filed:　July 1, 2024
Date Served:　October 25, 2024

**EXHIBIT A**

I hereby certify that I have read the Protective Order entered in the above-entitled case (this "Action"). Before reviewing or receiving access to the contents of any of the documents or material subject to the protection of that Protective Order and as a condition of such review or access, I understand and agree that I am personally bound by and subject to all of the terms and provisions of the Protective Order.

My current occupation is _____.

My current employer is _____.

My address is_____.

I am not an owner, director, employee or consultant of any entity that competes with Tesla or is otherwise engaged in the research, development, or design of vehicle or battery systems, components, or technologies, including Advanced Driver Assistance Systems, autonomous vehicles and systems, electric vehicles and components, computer vision technologies, and machine learning and artificial intelligence technologies.

I understand I cannot share, reveal or discuss the contents of any Confidential or Highly Confidential Information to or with any person who is not entitled to receive such information, except as set forth in the Protective Order.

///

1

**EXHIBIT A TO INTERIM STIPULATED PROTECTIVE ORDER**

33030896v3

Within thirty (30) days of the termination of this Action, I will execute Exhibit B and provide a signed Certification of Destruction and will return all documents and things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that came into my possession, and all documents and things that I have prepared relating thereto, to counsel for the Party by whom I am employed.

I subject myself to the jurisdiction and venue of this Court for purposes of enforcement of this Protective Order.

_____
*Signature*

_____
*Printed Name*

_____
*Date Executed*

2
**EXHIBIT A TO INTERIM STIPULATED PROTECTIVE ORDER**

33030896v3

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAOMI IMATOME-YUN, EZEKIEL YUN and LUCAS YUN, individually<br><br>Plaintiffs,<br><br>v.<br><br>TESLA, INC., and DOES 1 through 20,<br><br>Defendant. | CASE NO. 8:24-cv-02690-CVD<br><br>**EXHIBIT B TO INTERIM STIPULATED PROTECTIVE ORDER**<br><br>Date Filed:   July 1, 2024<br>Date Served:  October 25, 2024 |

**EXHIBIT B**

**CERTIFICATE OF DESTRUCTION**

I hereby certify that I have read the Protective Order entered in the above-entitled case. As of the Date Executed below, the information described below has been returned to counsel for the Party by whom I am employed <u>or</u> counsel for the Producing Party and all electronic copies destroyed and deleted from any computers, hard drivers, servers, or cloud storage pursuant to the Protective Order.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

[Describe documents/information returned/destroyed]

1

**EXHIBIT B TO INTERIM STIPULATED PROTECTIVE ORDER**

33030896v3

I subject myself to the jurisdiction and venue of this Court for purposes of enforcement of this Protective Order.

                          _____

*Signature*

                          _____

*Printed Name*

                          _____

*Date Executed*

2

**EXHIBIT B TO INTERIM STIPULATED PROTECTIVE ORDER**

33030896v3

**CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2026, I filed the foregoing document entitled **[PROPOSED] INTERIM STIPULATED PROTECTIVE ORDER** with the clerk of court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

_/s/ James W. Halbrooks, Jr.         __
James W. Halbrooks, Jr.

1
**CERTIFICATE OF SERVICE**

33030896v3